DENYCE AGNES ROSE *v.* MARTIN IVERSON ROSE
(4743)

DUPONT, C. J., BORDEN and DALY, Js.

Submitted on briefs March 2—decision released April 7, 1987

*Bruce A. Fontanella,* for the appellant (defendant).

*F. Herbert Gruendel,* for the appellee (plaintiff).

PER CURIAM. The sole issue of this appeal is whether the trial court erred in finding a substantial change in circumstances not contemplated by the parties at the time of the dissolution of their marriage, and, therefore, granting the plaintiff's motion to modify the amount of child support. See *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); General Statutes § 46b-86 (a).

The plaintiff wife's motion for modification was made approximately seven and one-half months after the dissolution. It was based upon her allegations that her financial status had changed, and that the defendant husband had failed to exercise his share of the joint custody of the children as contemplated in the judgment of dissolution, thereby increasing her financial burden for their support. The court found that the defendant's total liabilities had decreased from $5944 to $3734.28 and that such a decrease was "substantial." On that basis only,[1] the court modified the child support award from $65 per child per week to $75 per child per week. The defendant has appealed from the modification of the judgment.[2]

The original orders of the court required the plaintiff to pay to the defendant $3900, and required the defendant to be responsible for all of the liabilities listed on his financial affidavit.

The question is whether the reduction of approximately $2200 in the defendant's liabilities over a seven and one-half month period is a change in financial condition uncontemplated by the parties at the time of the dissolution of the marriage, even if it is assumed that the change was substantial.

The defendant's affidavit filed at or about the date of dissolution of the marriage showed that he was paying a total of $58 per week by payroll deduction in reduction of his liabilities, and another $11.50 by direct payment to a creditor. Approximately thirty-one weeks

---

[1] In this case the defendant needed no articulation of the court's finding since the finding which served as the basis for the court's judgment was articulated. The case, therefore, is unlike *Carpenter v. Carpenter,* 188 Conn. 736, 739, 453 A.2d 1151 (1982) and *Caracansi v. Caracansi,* 4 Conn. App. 645, 648, 496 A.2d 225, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985).

[2] The court made no finding as to whether the decrease in liabilities was contemplated, although a finding that the change was not contemplated is implicit in the modification ordered.

elapsed between the date of the affidavit and the date of a second affidavit filed at or about the time of the motion to modify. Approximately $2000 would have been paid on his debts over a period of thirty-one weeks, if they were reduced at the rate of $69.50 per week. This fact, plus the fact he received $3900 at the date of dissolution, make it impossible to conclude that the reduction in liabilities was uncontemplated at the time of the dissolution of the marriage.

The well settled standard of review in domestic relations cases is that the reviewing court will not disturb a trial court order unless there has been an abuse of discretion or unless the finding of the trial court has no reasonable basis in the facts. *Jetmore* v. *Jetmore,* 6 Conn. App. 632, 634–35, 507 A.2d 116 (1986). Here, the trial court might very well have found a substantial and uncontemplated change in the financial condition of the *plaintiff.* It did not, however, so find. It based the modification of child support orders upon the change in the *defendant's* financial condition. The record does not substantiate that this change was uncontemplated at the time of the dissolution, but instead, supports the conclusion that the change was contemplated.

There is error, the judgment is set aside as to the order concerning the increase in child support payments, and the case is remanded with direction to deny the plaintiff's motion for modification.