## ANNE VOLOSHIN *v.* MARVIN VOLOSHIN
### (4371)

DUPONT, C. J., BIELUCH and NORCOTT, Js.

Argued October 7—decision released November 17, 1987

*J. Daniel Sagarin,* with whom, on the brief, was *William B. Barnes,* for the appellant (defendant).

*Howard A. Jacobs,* with whom was *Karen Fox Tross,* for the appellee (plaintiff).

DUPONT, C. J. In this appeal from the judgment dissolving the marriage of the parties, the defendant husband claims an abuse of discretion by a state trial referee acting as the trial court (1) in finding that the defendant intentionally made misrepresentations on his financial affidavit, (2) in crediting the testimony of the plaintiff's expert witness' appraisal of a leasehold interest held by the defendant, (3) in finding that the defendant's behavior was the cause of the breakdown of the marriage, and (4) in awarding attorney's fees and costs to the plaintiff. We find no error.

The parties had been married for more than fifteen years at the time of the dissolution. The court found the defendant to have a net worth of $3,435,727.20 and the plaintiff, a net worth of $155,050. The net worth of the defendant included the value of his leasehold interest in a parcel of land which is the site of two car dealership companies owned by him as well as a small shopping center. The plaintiff's expert real estate appraiser testified that the net value of the defendant's leasehold interest was $2,985,000, which figure was utilized by the court in determining the defendant's net worth. Allegations of adulterous behavior were made by both parties at the trial. The defendant admitted adultery. The plaintiff initially denied adultery. In subsequent testimony, she admitted that she had so acted, but only at the behest and in the presence of the defendant.

The trial court found that the marriage of the parties had broken down irretrievably, caused by the defendant's adultery, gambling and mistreatment of the plaintiff. The court also found that the defendant had filed misleading financial affidavits with the court. In addition to awarding the plaintiff $1000 per week periodic alimony and $250,000 lump-sum alimony, the court ordered the defendant to pay the plaintiff's counsel fees and costs in the amount of $21,231.41.

The defendant first claims that the trial court erred in finding that he intentionally misrepresented his net worth on a financial affidavit submitted to the court during pendente lite proceedings. The trial court found that "the evidence adduced at trial is at variance with [the defendant's] financial affidavits." Consequently, the court stated in its memorandum of decision that "[b]ecause of the defendant's misleading statements as to finances, it logically follows that those false statements as to his finances can be held against him. Such an inference does not necessarily apply to any specific fact in the cause, but operates indefinitely although strongly, against the whole mass of alleged facts constituting his cause," citing 2 J. Wigmore, Evidence (Chadbourn Rev.) § 278, p. 133.

The trial court was well within its discretion in making this determination, and in using its conclusion as a basis for assessing the credibility of the defendant. Exhibits introduced into evidence at trial showed that the defendant, on the basis of financial affidavits filed by him other than with the court, claimed to have a personal net worth of $1,769,000 in 1981, a personal net worth of $1,755,304 in 1982, and of $1,979,000 in 1983. In affidavits filed with the court in 1984 and 1985, he claimed a net worth of $50,000 and $561,500, respectively. The defendant attempts to minimize the glaring misrepresentations contained in his 1984 affidavit by arguing that the affidavit was inconsequential or immaterial because the parties had reached a temporary financial arrangement at the time, that his leasehold interest had an unknown value, that he had no opportunity to value all of his assets, and that he believed that the plaintiff would not go through with the dissolution. Such "reasons" for inaccuracy do not even rise to the level of excuses. A court is entitled to rely on sworn financial statements filed in dissolution actions, and when it finds it cannot, is entitled to draw

adverse inferences which go to the core of the entire proceeding. See *Grayson* v. *Grayson,* 4 Conn. App. 275, 287–88, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987).

Furthermore, in response to the defendant's motion for articulation, the court made other findings which impacted on the defendant's credibility. It found that the defendant could not substantiate a claimed loan of $700,000, and that he had all of his personal living expenses paid by his car dealership companies. These companies also paid for his living expenses in Florida, and paid for a boat, its maintenance and shipment to Florida, as well as his airline tickets to Florida. The company also paid for his mother's rent, a housekeeper for his mother, and paid salaries to various members of his family who did not actually work for the companies.

The scope of our review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the trial court correctly applied the law and could reasonably have concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Rose* v. *Rose,* 10 Conn. App. 391, 393, 523 A.2d 914 (1987). Based upon the significant inconsistencies between the defendant's financial affidavits filed with the court and the evidence at trial, the court's finding that the defendant had made misleading statements as to his finances was reasonable and logical.

The defendant's second claim is that the court erred by crediting the plaintiff's expert witness' appraisal of the leasehold interest held by the defendant. At trial, the defendant did not object to the testimony of the plaintiff's expert witness, nor did he challenge his qualification as an expert. Furthermore, the defendant did not introduce any expert testimony as to the valuation of the leasehold interest. The defendant now

claims that the plaintiff's expert's opinion was flawed as a matter of law because his valuation was too speculative to have been credited by the court.

Generally, this court is not required to consider claims unless they were distinctly raised at trial or arose subsequent to the trial, but may consider whether there was plain error in the interests of justice even if the claimed error, as in this case, was not brought to the attention of the trial court. Practice Book § 4185. *Trubowitz* v. *Trubowitz,* 5 Conn. App. 681, 685, 502 A.2d 940 (1985). "The doctrine of plain error should be invoked sparingly. To hold otherwise would undermine the requirement that claims of law be raised in the trial court in the first instance." *Berchtold* v. *Maggi,* 191 Conn. 266, 274, 464 A.2d 1 (1983). We strongly disfavor that conduct by which, for whatever reasons, a party fails to object to errors which occur during trial until it is too late for them to be corrected, and then assigns such errors as grounds of appeal if the outcome of the trial is unsatisfactory. *Timm* v. *Timm,* 195 Conn. 202, 205, 487 A.2d 191 (1985); *Bratz* v. *Bratz,* 4 Conn. App. 504, 509, 495 A.2d 292 (1985).

There are no exceptional circumstances in this case which would make it appropriate for this court to review the defendant's claim of error under our authority to consider "plain error."[1]

The defendant next claims error in the trial court's finding that the breakdown of the marriage was caused

[1] We note that "plain error" did not occur. A review of the expert's testimony shows that his opinion as to value was not speculative and was credible. The expert's opinion was based on a combination of a comparable sales approach (as to the dealerships) and a capitalization of income approach (as to the shopping center). There was evidence to suppport the valuation and the court's finding as to valuation should not be disturbed. *Carpenter* v. *Carpenter,* 7 Conn. App. 112, 115, 507 A.2d 526 (1986); *Ellsworth* v. *Ellsworth,* 6 Conn. App. 617, 620-21, 506 A.2d 1080, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986).

solely by the defendant's conduct. The defendant asserts that the trial court erred, when determining the financial awards, in not considering the plaintiff's admitted adultery.

The plaintiff testified at trial that the only extramarital relations she had were at the behest and in the presence of her husband, a bisexual, who used her to procure men for himself. The trial court found the plaintiff's testimony to be credible. It further found that the defendant's behavior was the cause of the breakdown of the marriage. The trial court is in a clearly advantageous position to assess all of the circumstances surrounding a dissolution action in which personal factors such as the demeanor and the attitude of the parties are so significant. The trial court is in the position to weigh and interpret the evidence before it in order to pass upon the credibility of witnesses. We, as a reviewing court, do not retry the facts. *Carter* v. *Carter,* 8 Conn. App. 356, 358, 512 A.2d 979 (1986).

The trial court chose to believe the plaintiff's evidence, and viewed the plaintiff's extramarital relations in the context in which they occurred. In light of the evidence presented at trial, the court's finding that the defendant's conduct caused the breakdown of the marriage, and its disregard of the plaintiff's conduct, is not an abuse of discretion. "The trier of the facts is free to accept or reject, in whole or in part, the evidence of either party." *Holmes* v. *Holmes,* 2 Conn. App. 380, 382, 478 A.2d 1046 (1984).

The defendant finally claims error in the trial court's award to the plaintiff of $21,231.41 in attorney's fees and costs. The decision to award counsel fees in a dissolution case is clearly within the trial court's discretion. *Holley* v. *Holley,* 194 Conn. 25, 33–34, 478 A.2d 1000 (1984); *Costa* v. *Costa,* 11 Conn. App. 74, 77, 526 A.2d 4 (1987). In determining whether to award coun-

sel fees, the trial court must consider the total financial resources of the parties in light of the statutory criteria. General Statutes §§ 46b-62 and 46b-82; *Turgeon* v. *Turgeon,* 190 Conn. 269, 280, 460 A.2d 1260 (1983). Our review of the record indicates that the trial court specifically considered the statutory criteria in determining whether to award counsel fees. In light of the circumstances in this case, we cannot find that the trial court abused its discretion or acted unreasonably in granting the plaintiff's request for attorney's fees.

There is no error.

In this opinion the other judges concurred.