JANET A. CROCKER *v.* LEO F. CROCKER
(5471)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Submitted on briefs November 6—decision released December 29, 1987

*P. Hurley Bogardus, Jr.,* and *Susan J. Lacy,* filed a brief for the appellant (defendant).

*Karen Reynolds* filed a brief for the appellee (plaintiff).

STOUGHTON, J. The plaintiff wife brought this action seeking a dissolution of marriage, joint custody of the children, support, alimony and a fair division of property. The defendant husband filed a cross complaint seeking the same relief. The sole issue of this appeal by the defendant is whether the state trial referee, acting as the trial court, erred in awarding the plaintiff $1 per year alimony. We find no error.

The trial court found the following facts. The plaintiff and the defendant were married on June 25, 1966. They have two sons, one born on July 16, 1968, and the other born on March 30, 1972. The plaintiff left the defendant in November of 1984, after almost twenty years of marriage. The trial court found that the immediate precipitating factor in the irretrievable breakdown of the marriage was the defendant's unemployment "for a third or fourth time." Both the plaintiff and the defendant were in their early forties at the time of the dissolution. The plaintiff had supported the family during the first two years of the marriage while the defendant earned a master's degree. She was not employed again until the last four years of the marriage but she did pursue her studies and earned a bachelor's degree in 1982. She is employed and earning about $20,000 per year and is also pursuing a master's degree in business administration, the expense of which is partially paid for by her employer. The defendant now teaches at a college and earns about $30,000 per year. The family home was valued at $195,000 and was encumbered by two mortgages securing a total debt of $40,000. Counsel for the children recommended, and the court awarded, custody of the children to the defendant with visitation to be arranged by agreement between the plaintiff and the children. The plaintiff had accumulated more in savings than had the defendant but was not able to meet her expenses on her income. She requested alimony in the amount of $25 per week.

The trial court awarded the plaintiff $1 per year in alimony and decided that it would be in the best interests of the children to grant sole possession of the marital house to the defendant for a period of not more than two years. The court ordered a sale of the house at the end of that period and ordered that the proceeds of the sale be divided equally between the parties.

The defendant moved the court to open the judgment and to permit reargument as to the issue of alimony. The court denied the motion on August 28, 1986. It appears from the memorandum of decision on this motion that the court did hear argument and, at least as to the claim that alimony be terminated when the youngest child reached his majority, treated it as a motion for modification, which it denied.

The defendant claims that the trial court erred either in awarding alimony to the plaintiff, or in failing to limit the duration of alimony payments or to specify conditions subsequent which would terminate payments.

Pursuant to General Statutes § 46b-82, a trial court in a dissolution action has the discretion to award alimony to either spouse. A fundamental principle in dissolution actions is that a trial court may exercise broad discretion in awarding alimony and dividing property as long as it considers all relevant statutory criteria. *Debowsky* v. *Debowsky,* 12 Conn. App. 525, 526, 532 A.2d 591 (1987). It is evident from the memorandum of decision that the trial court properly considered the statutory criteria enumerated in § 46b-82. The court is not obligated to make express findings on each of the statutory criteria; *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982); and has wide latitude in varying the weight placed on each criterion under the circumstances of each case. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982). Trial courts have a distinct advantage over an appellate court

in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant. *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627 (1948). The trial court, therefore, has broad discretion in determining the type, duration and amount of alimony which is proper in each case. *Aguire* v. *Aguire,* 171 Conn. 312, 314, 370 A.2d 948 (1976). The court must be free to shape its awards in a manner which it determines is fair and equitable under the circumstances. *Sweet* v. *Sweet,* 190 Conn. 657, 662, 462 A.2d 1031 (1983). "The scope of our review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the trial court correctly applied the law and could reasonably have concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Rose* v. *Rose,* 10 Conn. App. 391, 393, 523 A.2d 914 (1987)." *Voloshin* v. *Voloshin,* 12 Conn. App. 626, 629, 533 A.2d 573 (1987).

This was a marriage of almost twenty years in duration. The defendant has a master's degree and seems to be established in a teaching position. Although the plaintiff is employed and presently receiving financial assistance from her employer in her pursuit of a master's degree, it cannot now be said with certainty that she will attain her goal, or what effect that might have on her future earnings. Under the circumstances, we cannot find that the trial court abused its broad discretion in awarding the plaintiff $1 per year alimony without limitation as to time.

There is no error.

In this opinion the other judges concurred.