BEVERLY C. ONEGLIA *v.* RAYMOND R. ONEGLIA
(5629)

SPALLONE, DALY and NORCOTT, Js.

Argued January 12—decison released April 26, 1988

*Steven H. Levy,* for the appellant (plaintiff).

*Joseph J. Gallicchio,* for the appellee (defendant).

SPALLONE, J. The plaintiff appeals from the decision of the trial court denying her motion to open the judgment previously rendered in a dissolution action.

The plaintiff claims the trial court erred (1) in prohibiting her from calling the defendant to the witness stand during the hearing on the motion to open, and (2) in prohibiting her from obtaining discovery of the defendant's assets in order to determine whether the

defendant had fraudulently misrepresented his financial position. We find no error.

The following facts are not in dispute. A final judgment dissolving the marriage of the parties was rendered on April 15, 1986. The judgment incorporated, by mutual assent, all the terms and conditions of a separation agreement previously entered into by the parties on February 7, 1986. On July 30, 1986, the plaintiff filed a motion to open the judgment, alleging that there was a discrepancy between the financial statement supplied to her by the defendant during settlement negotiations, and the sworn financial affidavit submitted to the court by the defendant on the day of the dissolution hearing. The financial affidavit filed with the court, the plaintiff claimed, disclosed an additional source of gross income in the amount of $634 per week, which had not been included on the statement the defendant had given her earlier. The plaintiff asked that the court open the April 15 judgment and allow her "adequate time for complete discovery."

Approximately two months after filing her motion to open, the plaintiff filed a motion for disclosure and production. The defendant filed an objection to the request for discovery and the parties appeared before the court on October 27, 1986, to argue the discovery motion. The court, *Moraghan, J.*, postponed the decision on the motion for discovery, scheduling another hearing for October 30 for the purpose of determining whether the plaintiff possessed enough preliminary evidence on the question of fraud to justify a full-blown discovery process. Prior to the hearing on October 30, the plaintiff served the defendant with a subpoena duces tecum and the defendant responded by filing a written objection with the court on the morning of the hearing.[1]

---

[1] During the course of the hearing, the court stated that it would treat the defendant's objection as a motion to quash the subpoena.

At the October 30 hearing, the plaintiff called the defendant as the first witness. The court sustained the defendant's objection to the subpoena and, instead, the plaintiff was called to the stand. The plaintiff testified that during the negotiations preceding the drafting of the February 7 settlement agreement, the defendant had supplied her with a copy of a recently completed bank loan application which represented his assets and liabilities. The plaintiff further testified that she had believed that document to be a complete and accurate accounting of the defendant's financial status at that time, and that she had relied on those representations when assenting to the separation agreement. It was not until after the judgment of dissolution was entered that the plaintiff discovered the discrepancy in gross income and also that the defendant had failed to include his interest in a pension plan in the sworn financial affidavit.

At the conclusion of the plaintiff's testimony, the court found that the plaintiff had not put forth sufficient indicia of fraud to justify an opening of the judgment and further discovery. The court therefore granted the defendant's motion to quash the subpoena and denied the plaintiff's motion to open.

Initially, we note the unique procedural posture of this case. The crux of the plaintiff's claims on appeal is that she had a right to conduct discovery and to compel the defendant to testify, based only on her filing of a motion to open. This is clearly an incorrect premise; until the court acts on a motion to open, the earlier judgment is still intact and neither our rules of practice nor our statutes provide for such a thing as post-judgment discovery.[2] The trial court's position on these

---

[2] General Statutes § 52-197 (a) provides in relevant part: *"In any civil action,* the court, upon motion of either party, may order disclosure . . . ." (Emphasis added.) Practice Book § 218 provides in relevant part: *"In any civil action* . . . where the court finds it reasonably probable that evi-

motions was straightforward: If the plaintiff was able to substantiate her allegations of fraud beyond mere suspicion, then the court would open the judgment for the limited purpose of discovery, and would later issue an ultimate decision on the motion to open after discovery had been completed and another hearing held. Because here the court found that the plaintiff did not meet the threshold requirement of substantiating her allegations of fraud, our function on appeal is solely a determination of whether the court abused its discretion in so finding.

The plaintiff claims that there were two frauds perpetrated by the defendant, one on her and one on the court. The first, the discrepancy in the gross income figures, could not have been a fraud on the court because the defendant accurately represented the higher income in the documents filed with the court; it was only the plaintiff who could have been misled. Conversely, the second claim of fraud, the failure of the defendant to include his interest in a pension plan on the financial affidavit, was only a misrepresentation to the court; the plaintiff testified that she had been aware of the pension plan at all times.

Here, we are confronted with allegations of fraud which the trial court found did not exist. Prior to the entry of the final judgment, the plaintiff chose to rely on a financial statement that the defendant had submitted to a bank in conjunction with an application for a loan. Such a statement is a very different accounting from that required by the court in a financial affidavit filed in conjunction with a dissolution. Financial

dence outside the record will be required, a party may obtain . . . discovery of information . . . ." (Emphasis added.) For us to say that these provisions apply only when there is a cause of action currently pending is to state the obvious. Until and unless the trial court opened the previous judgment, there could be no "civil action" within the meaning of General Statutes § 52-197 or Practice Book § 218.

statements submitted to banks are limited to a listing of assets and liabilities and do not contain any provisions for listing basic expenses such as food, utilities, medical and dental insurance or costs, child support, clothing and other items of everyday living. Loan officers are concerned with an applicant's net worth and not with his, or her, everyday expenditures. The plaintiff's decision to rely on a financial statement issued to a bank hardly constitutes fraud on the part of the defendant. Nor can her assertion that the failure of the defendant to list his pension on the affidavit constitute fraud on the part of the defendant.

The plaintiff was aware of the pension and is charged with the knowledge that the additional income of $634 per week was contained in the defendant's court-required financial affidavit. Despite the omission of the pension information and the inclusion of the additional income, the plaintiff seemingly chose not to inspect the affidavit thoroughly or to question its accuracy, and agreed to the entry of judgment which incorporated the separation agreement previously entered into by the parties.

The trial court, after hearing the testimony of the plaintiff, expressly found that she knew of the defendant's pension plan and, despite the fact that she may not have known the extent of the defendant's equity in the plan, she took no steps to secure the information and allowed the court to rely on the affidavit as presented. Furthermore, the court expressly found that there was no evidence of fraud presented by the plaintiff to warrant the opening of the judgment. There is no indication that the court abused its discretion in making these findings.

In family matters, the court exercises its equitable powers. The balancing of equities is a matter which falls within the discretion of the trial court. *Kakalik*

v. *Bernardo,* 184 Conn. 386, 395, 439 A.2d 1016 (1981). For that reason, equitable remedies are not bound by formula but are molded to the needs of justice. *Hebrew University Assn.* v. *Nye,* 26 Conn. Sup. 342, 348–49, 223 A.2d 397 (1966). " 'The scope of our review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the trial court correctly applied the law and could reasonably have concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Rose* v. *Rose,* 10 Conn. App. 391, 393, 523 A.2d 914 (1987).' *Voloshin* v. *Voloshin,* 12 Conn. App. 626, 629, 533 A.2d 573 (1987)." *Crocker* v. *Crocker,* 13 Conn. App. 129, 132, 534 A.2d 1251 (1987).

There is no error.

In this opinion the other judges concurred.