[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO DISCLOSURE (#149)
The defendant has moved to modify or terminate an order of periodic alimony entered as part of the judgment of dissolution, dated September 7, 1982. CT Page 4855
The plaintiff has objected to the entire series of interrogatories and all of the requests for production served on her by the defendant, relying on Oneglia v. Oneglia, 14 Conn. App. 267
(1988). In that case, the plaintiff moved to open the judgment on the ground of fraud. The court held a hearing
 ". . . for the purpose of determining whether the plaintiff possessed enough preliminary evidence on the question of fraud to justify a full-blown discovery process." Id., p. 268.
The Appellate Court observed that
 "Initially, we note the unique procedural posture of this case." Id., p. 269.
The plaintiff failed to utilize the discovery process prior to entry of the judgment, and then sought to utilize discovery to develop information she could have obtained prior to judgment. In upholding the trial court's denial of the plaintiff's motion to open, the court held:
 "The trial court, after hearing the testimony of the plaintiff, expressly found that she knew of the defendant's pension plan and, despite the fact that she may not have known the extent of the defendant's equity in the plan, she took no steps to secure the information and allowed the court to rely on the affidavit as presented. Furthermore, the court expressly found that there was no evidence of fraud presented by the plaintiff to warrant the opening of the judgment. There is no indication that the court abused its discretion in making these findings." Id., p. 271. (emphasis added)
In other words, the plaintiff was attempting to void the judgment.
In this case, no attack is being made on the original judgment, and these factual circumstances distinguish the present case. Section 46b — 86 recognizes that either party is entitled to post judgment hearings. Such hearings are in the nature of civil actions, and they sometimes take longer to conclude than the original trial.
The Oneglia decision dealt with a judgment alleged to be fraudulent and the moving party sought to void it. Such an attack on the judgment distinguishes that case from the present one. CT Page 4856 Marital litigants are entitled to full disclosure from both sides. Billington v. Billington 220, Conn. 212 (1991). The plaintiff's objections are overruled.
HARRIGAN, J.