[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has moved to have the respondent held in contempt of court for numerous alleged violations of a civil restraining order issued by this court on August 4, 1998, and re-issued with modifications on February 17, 1999. At the close of the petitioner's evidence on that motion, the respondent moved to dismiss the motion under § 15-8 of the Practice Book for the petitioner's failure to make a prima facie case and for other reasons.[1]
The restraining order, issued pursuant to § 46b-15 of the Connecticut General Statutes, required both the petitioner ("Kulak") and the respondent ("Grant") to refrain from imposing any restraint on the person or liberty of the other and to refrain from threatening, harassing, assaulting, molesting, sexually assaulting, or attacking the other. It also ordered both parties to stay away from the other's place of business, ordered Grant to refrain from entering Kulak's West Hartford residence, and extended its protections to her parents. Finally, it ordered the parties not to make telephone calls or place e-mail to each other. On February 17, 1999, the parties stipulated to an extension of the restraining order. The new order included terms of the former order, but added a no contact requirement.
Section 15-8 of the Practice Book allows the court to dismiss a case "whenever it determines that, after the plaintiff has `produced his evidence and rested his cause,' the plaintiff has presented insufficient evidence to establish a prima facie case against the defendant." Season-All Industries, Inc. v. R. J.Grosso, Inc., 213 Conn. 486, 493. In evaluating a motion to dismiss, the court must determine whether sufficient evidence has been submitted to raise an issue to go to the trier of fact. NewEngland Savings Bank v. Bedford Realty Corp. , 246 Conn. 594, 608
(1998). The evidence must be such that, if credited, it would be sufficient to establish the fact or facts it is introduced to prove. Berchtold v. Maggi, 191 Conn. 266, 270 (1983). In evaluating the motion, the plaintiffs evidence "is to be taken as CT Page 15461 true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiffs] favor." Angelo Tomasso, Inc. v. Armor Constructionand Paving, Inc., 187 Conn. 544, 548 (1982).
A plaintiff has failed to make out a prima facie case "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." Rosenfield v. Cymbala,43 Conn. App. 83, 91 (1996), citing Minicozzi v. AtlanticRefining Co., 143 Conn. 226, 230 (1956).
The respondent asserts that the court should grant his motion to dismiss with respect to those specific alleged acts which were not proven. The plaintiff asserts that the court cannot dismiss a specific allegation unless it dismisses the entire motion, analogizing it to a single count complaint.
The statute authorizing the issuance of civil restraining orders provides that the court may impose such sanctions as it deems appropriate for contempt of the order. Connecticut GeneralStatutes, Section 46b-15(g). These include, attorneys fees and costs. Connecticut General Statutes, Section 52-256b. To find a party in contempt, the court must find that a person has disobeyed an order of the court, Fitzgerald v. Fitzgerald,16 Conn. App. 548, 551 (1988). Each of the paragraphs of the applicant's motion for contempt as originally pled and later amended would, if proven, constitute a separate act of contempt subjecting the respondent to sanctions under the statute. Accordingly, this court holds that each paragraph of the motion for contempt must be treated as a separate allegation for purposes of the motion to dismiss.
In this case, the plaintiff must prove by her evidence that the defendant acted in violation of the restraining order. There is no claim that the respondent imposed any restraint on the petitioner or that he assaulted, molested, sexually assaulted, or attacked her. To establish a prima facie case with respect to each of the alleged violations, therefore, the plaintiff must have presented sufficient evidence that the respondent acted as alleged and that his act violated the restraining order by threatening or harassing her or by involving contact with her after February 17, 1999.
The statutes provide that "[a] person is guilty of CT Page 15462 threatening when . . . [b]y physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury." Connecticut General Statutes, § 53a-62. Serious physical injury involves a substantial risk of death or causes serious disfigurement, impairment of health, or loss of the use of an organ. State v. Rossier, 175 Conn. 204, 207 (1978). The verb threaten means to utter a threat against or to menace another. Random House Compact Unabridged Dictionary, 2d Ed., 1996. The petitioner's allegations and the evidence she presented, taken as truthful and viewed in the light most favorable to her, do not establish that any act on the part of the respondent violated the restraining order's prohibition against threatening.
Thus, the respondent's acts, if proven, could only violate the restraining order if they were harassing or involved contact after February 17, 1999. Taking the petitioner's evidence as true and viewing it in the light most favorable to her, the following acts are not proven to have been done by the respondent:
c. On or about October 3, 1998, subscribed plaintiffs work e-mail to a mailing list;
d. On or about October 15, 1998, left fifty cents in plaintiffs mailbox;
j. On or about December 23, 1998, blew kisses to plaintiff in her work voicemail;
k. On or about February 1, 1998, subscribed plaintiffs e-mail account to another mailing list;
l. On or about March 2, 1999, blew kisses to plaintiff on her work voicemail;
n. March 17, 1999, made three attempts to call Plaintiff at work.
Accordingly, those allegations of contempt are dismissed, while the remaining allegations are not dismissed.
The parties are directed to contact the Family Caseflow Coordinator within one week to schedule such additional court time as the defendant may require. The date to be scheduled should be before the end of 1999 absent compelling reason. CT Page 15463
By the Court, GRUENDEL, J.