[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Betty Chang, a/k/a Pei Zhang, and Numinco U.S. Corporation, have sought a motion to open judgment of this court after a trial in which a jury found them liable to the plaintiff, Transcoastal Lanthanides, Inc, for breach of fiduciary duty, conversion, and fraudulent misrepresentations.[1] The defendants argue that the verdict should be opened because the verdict was fraudulently procured by the false testimony at trial of the plaintiff's president, Nicholas Young. The plaintiffs have filed a motion to dismiss the defendants' motion to open claiming that the court lacks subject matter jurisdiction to hear such a claim. In addition, the defendants have filed an application for appointment of a commissioner to take an out-of-state deposition of a non-resident witness. At this point, the court will consider the plaintiffs motion to dismiss and the defendant's application for appointment of a commissioner to take an out-of-state deposition of a non-resident witness. CT Page 16060
"Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created. . . . Lack of subject matter jurisdiction may be raised at any time. . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Westbrook v. Savin Rock CondominiumsAssociation, Inc., 50 Conn. App. 236, 242, 717 A.2d 789 (1998).
The plaintiff contends that the court lacks subject matter jurisdiction over the present action because the defendants failed to follow the proper procedures to petition for a new trial under General Statutes § 52-270 and Practice Book § 16-35. See Waterworks v. Audet, 29 Conn. App. 722, 723, 617 A.2d 932
(1992) (dismissing appeal for lack of subject matter jurisdiction since defendant failed to bring a petition for a new trial as a separate proceeding). In addition, the plaintiff argues that a motion to open a judgment is applicable only for stipulated judgments. The defendants argue that they seek a motion to open judgment based upon fraud, not a motion for a new trial. They also claim that a motion to open is an adequate way to contest a verdict based upon fraudulent testimony.
"Our courts have the inherent power to open, correct or modify judgments, but this authority is restricted by statute and the rules of practice." Ziruk v. Bedard, 45 Conn. App. 137, 138,695 A.2d 4, cert. denied, 243 Conn. 905, 701 A.2d 339 (1997). Nevertheless, the Connecticut Supreme Court has stated "[t]he power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." Kenworthy v. Kenworthy, 180 Conn. 129,131, 429 A.2d 839 (1980).
While the court acknowledges that each of the cases cited by the defendants involve the opening of stipulated judgments, the court believes that the reasoning of Kenworthy applies to any judgment obtained by fraud unless specific statutory provisions or other principles of law dictate otherwise.[2] SeeMerry-Go-Round Enterprises, Inc. v. Molnar, 10 Conn. App. 160,162 162 n. 1, 521 A.2d 1065 (1987) (under General Statutes §49-15, trial court cannot open the judgment of strict foreclosure CT Page 16061 once a title is absolute in any encumbrancer). The plaintiff has not cited any case that requires the defendants to pursue a motion for a new trial instead of a motion to open judgment. Therefore, the plaintiff's motion to dismiss is denied.
Since the court has resolved that it has subject matter jurisdiction over the present claims, the court will consider whether it may order the appointment of a commissioner to conduct an out-of-state deposition of a non-resident witness. The defendants argue that while Connecticut courts prohibit discovery based upon the mere filing of a motion to open, Connecticut law allows post-judgment discovery "[i]f [a party] is able to substantiate her allegations of fraud beyond mere suspicion. . . ." Oneglia v. Oneglia, 14 Conn. App. 267, 270,540 A.2d 713 (1988). In such cases, "the court would open the judgment for the limited purpose of discovery, and would later issue an ultimate decision on the motion to open after discovery had been completed and another hearing held." Id. Despite the defendants' quotation of an appellate court case, this language indicated the approach used by the trial court and was not adopted by the appellate court. In fact, the Connecticut Appellate Court held: "until the court acts a motion to open, the earlier judgment is still intact and neither our rules of practice nor our statutes provide for such a thing as post-judgment discovery." Id., 269; see also Batouli v. Peter, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 106694 (September 17, 1997, D'Andrea, J.) (holding that defendants not entitled to post-judgment discovery without first opening the judgment). Since the defendants have failed to demonstrate any authority that contradicts this precedent, the application for appointment of a comnissioner to take an out-of-state deposition of a non-resident witness is denied.
HICKEY, J.