******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KATIE N. CONROY *v.* AMMAR A. IDLIBI
(SC 20598)

Robinson, C. J., and D'Auria, Mullins,
Kahn and Ecker, Js.

*Syllabus*

Following the dissolution of the parties' marriage, the defendant filed a
motion to open the dissolution judgment, claiming that the plaintiff had
committed fraud during the dissolution proceedings by submitting a
false response to an interrogatory in which she denied the existence of
a sexual relationship with another man during the parties' marriage and
by falsely testifying at trial that the defendant had physically assaulted
her. The trial court denied the motion, concluding that the defendant's
allegations of fraud, even if proven to be true, would not have altered
the disposition of the parties' divorce. The defendant appealed to the
Appellate Court, which upheld the trial court's denial of the defendant's
motion to open. On the granting of certification, the defendant appealed
to this court. *Held* that the Appellate Court correctly concluded that
the trial court had not abused its discretion in denying the defendant's
motion to open: even if there were merit to the defendant's contention
that the dissolution court was factually mistaken about the true nature
of the plaintiff's extramarital affair, such a mistake could not have been
caused by the allegedly fraudulent response to the interrogatory, as the
defendant acknowledged, in his prior, direct appeal from the dissolution
judgment, that the plaintiff had confessed to the dissolution court that
her response to the interrogatory in which she denied the existence of
a sexual relationship with another man during the marriage was a lie,
and, therefore, it was reasonable to infer that this falsehood did not
impact the dissolution court's judgment; moreover, the defendant's claim
of fraud with respect to the plaintiff's allegation of assault was unavail-
ing, as the dissolution court found that the plaintiff's account of the
alleged assault lacked credibility, and, accordingly, it was reasonable
for the trial court to conclude that additional evidence about the alleged
assault would not likely have altered the result of the parties' divorce.

Submitted on briefs February 25—officially released May 3, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of New Britain and tried to the court, *Carbonneau,
J.*; judgment dissolving the marriage and granting cer-
tain other relief, from which the defendant appealed to
the Appellate Court, *Alvord, Keller* and *Bishop, Js.*,
which affirmed the judgment of the trial court; there-
after, the court, *Connors, J.*, denied the defendant's
motion to open the judgment, and the defendant appealed
to the Appellate Court, *Lavine* and *Alexander, Js.*, with
*Flynn, J.*, dissenting, which affirmed the judgment of
the trial court, and the defendant, on the granting of
certification, appealed to this court. *Affirmed.*

*Ammar A. Idlibi*, self-represented, the appellant (defen-
dant).

*Opinion*

PER CURIAM. The defendant, Ammar A. Idlibi, appeals from the judgment of the Appellate Court affirming the trial court's denial of his motion to open the judgment in this marital dissolution case on the basis of fraud. Specifically, the defendant claims that the trial court improperly denied his motion to open without first affording him an opportunity to present certain evidence that the plaintiff, Katie N. Conroy, had lied under oath about certain topics during the underlying proceedings. For the reasons that follow, we agree with the Appellate Court's assessment that the trial court did not abuse its discretion by concluding that the defendant's particular allegations, even if proven to be true, were unlikely to have altered the ultimate resolution of the parties' divorce. As a result, we conclude that the Appellate Court properly affirmed the trial court's denial of the defendant's motion to open.

The following undisputed facts and procedural history are relevant to our consideration of the defendant's claims. The plaintiff commenced this marital dissolution action on May 19, 2015. Following a trial, the dissolution court, *Carbonneau, J.*, issued a memorandum of decision dissolving the parties' marriage and issuing certain financial orders. The defendant then appealed to the Appellate Court, which dismissed in part the defendant's appeal and affirmed the dissolution court's judgment. *Conroy* v. *Idlibi*, 183 Conn. App. 460, 461, 471, 193 A.3d 663, cert. denied, 330 Conn. 921, 194 A.3d 289 (2018).

On October 29, 2018, the defendant filed the motion to open at issue in this appeal. In that motion, the defendant claimed that the plaintiff had committed fraud by (1) submitting a false response to an interrogatory denying the existence of a sexual relationship with another man during the course of the marriage, and (2) falsely testifying at trial that the defendant had physically assaulted her on July 29, 2015. After hearing oral arguments from the parties, the trial court, *Connors, J.*, concluded that the defendant's allegations of fraud, even if proven to be true, would not have altered the disposition of the parties' divorce and, accordingly, denied the defendant's motion to open. The defendant then appealed once again to the Appellate Court, which agreed with the trial court's assessment and affirmed the trial court's judgment. *Conroy* v. *Idlibi*, 204 Conn. App. 265, 266, 288, 254 A.3d 300 (2021). This certified appeal followed. See *Conroy* v. *Idlibi*, 337 Conn. 905, 252 A.3d 366 (2021).

"Our review of a court's denial of a motion to open [based on fraud] is well settled. We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a

judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed [as] long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Reville* v. *Reville*, 312 Conn. 428, 440, 93 A.3d 1076 (2014); see also *Weinstein* v. *Weinstein*, 275 Conn. 671, 685, 882 A.2d 53 (2005); *Gaary* v. *Gillis*, 162 Conn. App. 251, 255–56, 131 A.3d 765 (2016).

"Pursuant to General Statutes § 52-212a, 'a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which [the notice of judgment or decree was sent]. . . .' An exception to the four month limitation applies, however, if a party can show, inter alia, that the judgment was obtained by fraud." *Reville* v. *Reville*, supra, 312 Conn. 441; see also *Weiss* v. *Weiss*, 297 Conn. 446, 455, 998 A.2d 766 (2010); *Jucker* v. *Jucker*, 190 Conn. 674, 677, 461 A.2d 1384 (1983).

"There are three limitations on a court's ability to grant relief from a dissolution judgment secured by fraud: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the fraud;[1] and (3) there [must be] a [reasonable probability] that the result of the new trial [would] be different." (Footnote added; footnote omitted; internal quotation marks omitted.) *Reville* v. *Reville*, supra, 312 Conn. 442; see also *Duart* v. *Dept. of Correction*, 303 Conn. 479, 491, 34 A.3d 343 (2012) (requiring movant to demonstrate reasonable probability, rather than substantial likelihood, that result of new trial would have been different); *Billington* v. *Billington*, 220 Conn. 212, 214, 595 A.2d 1377 (1991) (abandoning diligence requirement for motions to open dissolution judgments secured by fraud).[2]

Even if we were to accept the defendant's contention that the dissolution court was somehow factually mistaken about the true nature of the plaintiff's extramarital affair,[3] such a mistake could not have been caused by the allegedly fraudulent response to the interrogatory, as the defendant claimed in his motion to open. In his brief to the Appellate Court in his initial appeal, the defendant acknowledged that the plaintiff had candidly confessed to the dissolution court that her response to the interrogatory denying the existence of a sexual relationship with another man during the marriage had been a lie. Specifically, the defendant argued before the Appellate Court that, "[o]n May 17, 2016, the plaintiff testified on direct examination by her counsel . . . that she had an affair with a man . . . prior to her filing of the divorce. The plaintiff further testified that

she provided a false answer about her affair in her sworn answers to the defendant's interrogatories and request[s] for production." Because the plaintiff openly admitted that the interrogatory response in question was false, it is reasonable to infer that this lie did not impact the dissolution court's judgment. See *Reville* v. *Reville*, supra, 312 Conn. 441 (movant must show that judgment was obtained by fraud).[4]

The defendant's claim of fraud with respect to the plaintiff's allegation of domestic assault is, likewise, unavailing. The dissolution court specifically found that the plaintiff's account of the alleged assault on July 29, 2015, lacked credibility, noting that she had "declined to answer . . . questions [by Detective Damien Bilotto of the Plymouth Police Department] not once, but twice, about the sequence of events . . . ." The dissolution court also explicitly observed the fact that Bilotto, "[d]espite [a] thorough investigation" of the incident, had been unable to rule out the possibility that the plaintiff's injuries were "self-inflicted . . . ."[5] In light of the doubts expressed by the dissolution court on this point, it was reasonable for the trial court to conclude that additional evidence about the alleged assault was unlikely to have altered the result of the parties' divorce.

The trial court, having considered the allegations of fraud contained in the defendant's motion to open in the context of the dissolution proceeding as a whole, expressly found that, "even if the [allegations] were true, [we] would have likely had the exact same result, nothing would have changed . . . ." Making every reasonable presumption in favor of the trial court's ruling; see *Reville* v. *Reville*, supra, 312 Conn. 440; we perceive of no error in that assessment. As a result, we agree with the Appellate Court's conclusion that the trial court did not abuse its discretion in denying the defendant's motion to open.

The judgment of the Appellate Court is affirmed.

[1] "Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed. . . . The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Internal quotation marks omitted.) *Reville* v. *Reville*, supra, 312 Conn. 441. Although a trial court's factual findings with respect to these elements are entitled to deference; see *Weinstein* v. *Weinstein*, supra, 275 Conn. 685; the trial court in the present case took no evidence and made no factual findings in order to decide whether the requisite clear proof of these four elements existed.

[2] We observe that the Appellate Court's May 4, 2021 decision recited the fourth prong of the applicable test using a "substantial likelihood" standard, rather than the "reasonable probability" standard adopted by this court in *Duart*. See *Conroy* v. *Idlibi*, supra, 204 Conn. App. 283. Because the defendant's motion to open fails under either standard, however, that distinction has no bearing on the disposition of this appeal.

[3] We disagree with the defendant's assertion that the dissolution court's observation that the record contained "no direct evidence of [the plaintiff] and this other man ever having [had] sex," in and of itself, constitutes a factual finding that the plaintiff's extramarital relationship was platonic in

nature. The dissolution court, as the finder of fact, could well have inferred the existence of a sexual relationship from the extensive circumstantial evidence presented at trial with respect to that issue. Most notably, the dissolution court specifically observed that the police had discovered "a number of cell phone messages of a sexual nature between [the] plaintiff and [the man with whom she was having an extramarital relationship]," and remarked that "[a]t least some [suggestive photographs were] in evidence before [the] court."

[4] Judge Flynn dissented from the Appellate Court's opinion and concluded, inter alia, that the trial court had improperly denied the defendant "an opportunity to present his after discovered new evidence of the plaintiff's admission to adulterous conduct . . . ." *Conroy* v. *Idlibi*, supra, 204 Conn. App. 289 (*Flynn, J.*, dissenting). We do not disagree that motions to open in this particular context often require such hearings, both to substantiate allegations of fraud and to determine whether additional discovery is necessary. See, e.g., *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 269–70, 540 A.2d 713 (1988). Because the specific instance of fraud claimed by the defendant with respect to the alleged adultery—namely, the false interrogatory response—was plainly admitted to by the plaintiff before the dissolution court, we decline to conclude that the trial court's decision to forgo such a hearing in the present case amounted to an abuse of discretion.

[5] The dissolution court's decision contains the following specific factual findings with respect to the alleged assault: "The plaintiff called 911 at 6:26 p.m. on Wednesday, July 29, 2015, to report that the defendant had 'forced his way' into her presence and assaulted her. Detective Bilotto determined that the defendant sent the plaintiff three text messages prior to her 911 call at 6:19, 6:20, and 6:22 p.m. From these messages and the transcript of the 911 call, the detective concluded that the defendant was not in the same location as the plaintiff. He did not hear the defendant's voice on the 911 call. He heard a 'commotion' but no screaming. . . . Detective Bilotto interviewed the plaintiff at the marital residence on July 29, 2015. He found discrepancies between her verbal accounts of the incident to him and her 911 call. The plaintiff twice declined to answer his questions about the sequence of events on the night in question; once that night and later with her attorney present. . . . Detective Bilotto noted an injury to the right temple of the plaintiff's face above her eye. She claimed that, during an argument, the defendant struck her with a blunt object, causing bleeding and swelling. The detective studied photo[graphs] of the blood spatter on the floor where the injury was alleged to have occurred. He determined that the pattern was from a person in a stationary position and that this was inconsistent with the description of the incident given by the plaintiff." The dissolution court expressly found Detective Billotto's testimony in this regard to be highly credible.

———————————