MARY MATTSON *v.* JEFFREY C. MATTSON
(AC 22082)

Lavery, C. J., and Foti and Dupont, Js.

Submitted on briefs October 31—officially released December 24, 2002

---

*Thomas W. Beecher* filed a brief for the appellant (defendant).

*Michael R. Kaufman* and *Marvin Borofsky* filed a brief for the appellee (plaintiff).

*Opinion*

DUPONT, J. The defendant, Jeffrey C. Mattson, appeals from the judgment of the trial court denying his motion to open the judgment dissolving the parties' marriage. In his motion to open, the defendant alleged that the plaintiff, Mary Mattson, fraudulently misrepresented certain information on the financial affidavit that she submitted at the time of the dissolution. On appeal, he claims that the court (1) abused its discretion in denying his motion because he presented evidence of fraud sufficient to open the judgment and (2) improperly disallowed him from conducting discovery prior to the hearing on the motion. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of the defendant's appeal. The parties, who were married in 1985, obtained a judgment of dissolution on March 3, 1999. Incorporated in the judgment was their separation agreement, which the they had prepared with the assistance of a mediator. The parties met with the mediator several times commencing in October, 1998. The agreement and the financial affidavits underpinning it were signed and dated February 12, 1999. On June 15, 2000, the defendant filed a motion to open the judgment on the ground of alleged fraud by the plaintiff.[1]

_____

[1] Although the motion to open the judgment was filed more than four months from the date of dissolution; see Practice Book § 17-4; the court has inherent power to determine if fraud exists. *Kenworthy* v. *Kenworthy,*

On April 18, 2001, the defendant filed a revised motion to open the judgment of dissolution in which he alleged that the plaintiff, on her February 12, 1999 financial affidavit, had overstated her tax and credit card liabilities, and understated the value of her stock and stock options.[2] The court held a hearing on the motion on June 4, 2001, at which the parties presented evidence and testimony.[3] Thereafter, the court denied the defendant's motion, stating that "there has been no evidence presented to the court to indicate that [the plaintiff] made a statement . . . that she knew was untrue, and that it was made at the time of her signing of her financial affidavit." This appeal followed.

"Our review of a court's denial of a motion to open [based on fraud] is well settled. We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Pospisil* v. *Pospisil*, 59 Conn. App. 446, 449, 757 A.2d 655, cert. denied, 254 Conn. 940, 761 A.2d 762 (2000).

180 Conn. 129, 131, 429 A.2d 837 (1980). Furthermore, the four month provision in the rules of practice may be waived by the conduct of the parties, such as the participation of the parties in the determination of the motion without objection. See *In re Baby Girl B.*, 224 Conn. 263, 292, 618 A.2d 1 (1992).

[2] The defendant alleged other instances of fraud and, additionally, undue influence and duress, but does not pursue those claims on appeal.

[3] At the hearing, the defendant proceeded pro se.

"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed. . . . The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. . . . A marital judgment based upon a stipulation may be opened if the stipulation, and thus the judgment, was obtained by fraud." (Citations omitted; internal quotation marks omitted.) *Billington* v. *Billington*, 220 Conn. 212, 217–18, 595 A.2d 1377 (1991). A court's determinations as to the elements of fraud are findings of fact that we will not disturb unless they are clearly erroneous. *Anastasia* v. *Beautiful You Hair Designs, Inc.*, 61 Conn. App. 471, 478, 767 A.2d 118 (2001).

There are three limitations on a court's ability to grant relief from a dissolution judgment secured by fraud: "(1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be *clear proof* of the fraud;[4] and (3) there is a substantial likelihood that the result of

---

[4] Citing *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.*, 172 Conn. 577, 584, 376 A.2d 60 (1977), and *One Fawcett Place Ltd. Partnership* v. *Diamandis Communications, Inc.*, 24 Conn. App. 524, 525, 589 A.2d 892 (1991), which involve prejudgment attachments sought pursuant to General Statutes § 52-278a et seq., the defendant argues that a lesser, probable cause standard is applicable. It is evident, however, that *Billington* and *Pospisil*, both of which concerned a procedural posture identical to that in the present case, are controlling and that to prevail, the defendant was required to present "clear proof" of the plaintiff's alleged fraud at the hearing on his motion to open. Although the parties referred to the proceedings as a "probable cause hearing," the court properly cited the *Billington* standard when rendering its judgment. This is not a case in which the defendant sought the granting of a motion for disclosure and production contingent on probable cause that fraud existed in obtaining a judgment. See *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 540 A.2d 713 (1988).

the new trial will be different. *Billington* v. *Billington*, supra, [220 Conn.] 218." (Emphasis added.) *Pospisil* v. *Pospisil*, supra, 59 Conn. App. 450.

The defendant first claims that the plaintiff's listing on her February 12, 1999 affidavit of two credit card debts totaling $35,000 was fraudulent because she paid those debts in full in January, 1999, and failed to amend the affidavit, which was prepared by the mediator on the basis of information that previously had been provided. Because the payments necessarily caused corresponding reductions in her assets, we agree with the court that the plaintiff's satisfaction of those obligations was inconsequential. Additionally, the undisputed evidence was that the plaintiff had made the payments via a joint checking account of which the defendant necessarily was aware. Furthermore, the defendant presented no evidence other than his assertion to demonstrate that the plaintiff had paid her bills with the intent of deceiving him and that he had relied to his detriment on the assumption that they remained outstanding. The court was entitled to reject his testimony as not credible.

The defendant also claims that the plaintiff's listing of an estimated $80,000 tax liability for two bonuses she had received from her employer was fraudulent because the actual amount due later turned out to be only $40,000. At the hearing, the plaintiff testified that the estimate was provided by the parties' joint accountant and that the defendant was present when she solicited that estimate. There was no evidence that the plaintiff, at the time she signed her financial affidavit, knew her tax liabilities to be other than what was represented therein. To the contrary, the defendant conceded that it was a good faith estimate that the plaintiff did not know to be untrue. The court apparently relied on both parties' testimony, and we will not revisit its credibility determinations. See *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 459, 802 A.2d 887, cert. denied, 262 Conn. 918, 812 A.2d 861 (2002).

The defendant last claims that the plaintiff fraudulently underestimated the value of her stock and stock options. At the hearing, the plaintiff testified that the cumulative gross value of those assets, based on the most current information available during the preparation of her affidavit, was $379,000, and that after consulting with the defendant, she listed them on the affidavit, net of tax, at $255,000. The defendant offered no evidence to the contrary and made no argument that the figure was inaccurate or that an alternate figure should have been used. Although he now claims, in a conclusory fashion, that the plaintiff should have used the gross figure, we need not address that. See *Legnos* v. *Legnos*, 70 Conn. App. 349, 355, 797 A.2d 1184, cert. denied, 261 Conn. 911, 806 A.2d 48 (2002).

On the basis of the foregoing analysis, we conclude that the court's findings as to fraud were not clearly erroneous. Accordingly, its denial of the defendant's motion to open the judgment of dissolution was not an abuse of discretion.

The defendant also claims that the court improperly denied him the opportunity to conduct discovery prior to the hearing; however, he has provided no legal analysis of his claim. We note that "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) Id.

We note, however, that we previously have rejected a claim identical to the defendant's, i.e., that a party seeking to open a judgment of dissolution on the basis of allegations of fraud has a right to conduct discovery based only on its filing of a motion to open. *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 269, 540 A.2d 713 (1988). As we explained, "[t]his is clearly an incorrect premise;

until the court acts on a motion to open, the earlier judgment is still intact and neither our rules of practice nor our statutes provide for such a thing as postjudgment discovery." Id. "If the [defendant] was able to substantiate [his] allegations of fraud beyond mere suspicion, then the court would open the judgment for the limited purpose of discovery, and would later issue an ultimate decision on the motion to open after discovery had been completed and another hearing held." Id., 270. Because the defendant in this case was unable to meet that minimal evidentiary threshold, the court's ruling was proper.

The judgment is affirmed.

In this opinion the other judges concurred.