[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, POST-JUDGMENT (#211)
The marriage of the parties was dissolved by decree of this court in an uncontested hearing on October 5, 1989. Incorporated therein was a Separation Agreement ("Agreement")of the parties dated the same date. The judgment provided, inter alia, for the payment of alimony by the defendant husband ("husband") to the plaintiff wife ("wife), both pre and post retirement, all as set forth in precise detail (including examples) in Article 2.2 of said Agreement. At the time of the dissolution, the husband was an airline pilot with TWA. He was a participant in two retirement plans known as Plan A and Plan B, in addition to a 401(k) plan, which is not a factor here. Subsequent thereto, TWA encountered financial difficulties, and Plan A and Plan B, which is now called "TWA/DAP," are currently administered by the Pension Benefit Guaranty Corporation ("PBGC"). After the passage of twenty-three months from filing, only minimal discovery has been completed. However, the wife contends that discovery was limited due to the pending bankruptcy.
In brief, the husband made payments of $3,000.00 per month until his retirement on or about July 1998, some slightly higher payments for several months subsequent thereto, and on or about November 1998, the minimum payment of $1,750.00 as called for under the Agreement. There is no specific allegation that the husband has failed to make a specific monthly payment, or that he has failed to pay 37.5% of his retirement income as shown on his annual Form 1099R, copies of which have been provided to the wife, although she did initially claim an arrearage of $10,000. On the contrary, the gravamen of the wife's claim is hersuspicion that because he reduced the amount of' his monthly payments without explanation, a fortiori, he must be manipulating his income so as to lower his alimony obligation. The apparent illogic of that conclusion aside (The husband receives 62.5% of the income.), the wife filed a Motion for Contempt (#203) dated November 21, 2000, claiming that the husband is in default of Article 2.2, in that he has failed to pay alimony in accordance therewith, and that he has failed to provide the CT Page 367 wife with the required information regarding the pension. of particular relevance to the court, is the fact that the Agreement mandates that the husband "shall forward when received to the Wife copies of allstatements/1099s/accountings received by the Husband relating to the Husband's Retirement Income." (Emphasis added) The husband claims that he has sent to the wife, and she admits that she has received copies of all 1099Rs. Moreover, based on the evidence provided, there is no claim by her that, from a strictly mathematical application of the alimonyformula, the husband is in arrears (i.e., 37% times X or a minimum of $1,750.00, whichever is greater), merely that she has insufficient information to determine if he is in compliance. The wife believes that with more discovery and a hearing her position will be sustained.
For his part, the husband has filed a Motion for Summary Judgment (#211) dated March 15, 2002. The parties filed Memoranda of Law and were heard briefly by the court on October 21, 2002. The wife's responsive pleading, including the affidavit of the wife, is short on facts and long on conclusions. Nevertheless, the question before the court is whether or not the wife's pleading is sufficient to warrant a hearing on her motion for contempt and/or her right to conduct further discovery.
 LAW
Where an agreement has been incorporated in a judgment, it is to be treated as a contract and interpreted according to well-established rules. Where the meaning of the contract is clear and unambiguous, the court must give effect to those words and not impart some other meaning to them. In other words, it must not torture the language to fit the interpretation of one of the parties. Barnard v. Barnard, 214 Conn. 99,109 (1990). A motion for contempt must state, inter alia, "the specificacts alleged to constitute the contempt . . . including the amount of anyarrears claimed. . . ." Practice Book § 25-27. "When a motion for summary judgment is filed and supported by affidavits and other documents, an adverse party, by affidavit or as otherwise . . ., must set forth specific facts showing that there is an issue for trial, and if he does not so respond, summary judgment shall be entered against him."Farrell v. Farrell, 182 Conn. 34, 38 (1980). Where the respondent fails to plead facts, the court can rely upon the facts set forth in the moving party's affidavit. Bartha v. Waterbury Housewrecking Co., 190 Conn. 8, 11
(1983). Mere conclusions or suspicions are not sufficient. Yancey v.Connecticut Life Casualty Insurance, 68 Conn. App. 556, 560
(2002). However, the court is aware of no specific authority to entertain a motion for summary judgment in the context of a family case, post judgment, with the exception of a habeas corpus proceeding under P.B. § 25-46, nor has any party offered any argument either for or against CT Page 368 such exercise.
Because summary judgment is such a draconian remedy, and because the "keystone" of a family case is the power of a court to do equity, this court is reluctant to sail into unchartered waters, where there is even the gentlest zephyr of a case. Santoro v. Santoro, 70 Conn. App. 212, 222
(2002). For instance, while it is uncontroverted that the husband has provided the wife with copies of his 1099Rs, there has been no offer as to whether or not any or all "statements" or "accountings," regarding the pensions exist and/or that the husband has produced them. The court will not be able to reach this issue without commencing a hearing in order to give the wife an opportunity to present such evidence, or, at the very least, for her to demonstrate the need for additional discovery. Bunchev. Bunche, 36 Conn. App. 322, 324 (1994). That is not say, however, that the mere filing of a motion for contempt should give rise to a right to unlimited discovery. There should be, at the very least, a minimal threshold demonstration of a justiciable issue for post-judgment discovery to be permitted. Mattson v. Mattson, 74 Conn. App. 247-48 (2002); Oneglia v. Oneglia, 14 Conn. App. 267, 269 (1988).
 ORDER
For the foregoing reasons, the defendant's Motion for Summary Judgment is HEREBY DENIED and the plaintiff's Objection thereto is HEREBY SUSTAINED, both WITHOUT PREJUDICE. It is further ordered that the matter shall be scheduled for a hearing at the earliest date, in order to give the plaintiff an opportunity to present minimum facts demonstrating that the defendant is in breach or contempt of the orders of this court, or in the alternative, whether or not additional discovery is warranted; and that within Thirty (30) days from the date of this order, the husband shall provide to the wife copies of any and all "accountings" and "statements" received by him between July 1, 1998 and December 31, 2002, regarding Plan A and TWA/DAP (formerly Plan B).
THE COURT
 ___________________ SHAY, J.
CT Page 369