[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The history of this case is detailed in the Appellate Court's decision in Bonhotel v. Bonhotel, 64 Conn. App. 561 (2001), in which the issue of postmajority educational expenses was remanded for further proceedings. The court (Agati, J.) heard evidence on this issue as directed, and denied the defendant's Motion for Order by written decision dated August 28, 2002. Since that time the defendant filed 21 separate motions and the plaintiff filed two. On January 30, 2003 the court heard testimony and oral argument on these motions. They are decided as follows:
1. #215 Defendant's Motion for Order Post-Judgment dated October 7, 2002 is denied. The issues raised in this motion are the same issues heard and denied in the court's August 28, 2002 order. Furthermore, the expenses claimed by the defendant were not proven by a fair preponderance of the evidence.
2. #216 Defendant's Motion for Contempt Post-Judgment dated October 7, 2002 is denied. The defendant never paid the bill for which she claims reimbursement. The plaintiff has paid his one-half directly to the creditor, Northwest Center for Mental Health. The plaintiff is not in contempt.
3. #218 Defendant's Motion for Order Post-Judgment dated October 9, 2002 is denied. The defendant seeks child support for a child of the parties after his 18th birthday. The plaintiff was obligated to pay child support until age 18 but not beyond.
4. #219 Defendant's Motion for Contempt and Orders Post-Judgment dated October 15, 2002 and #231 Defendant's Motion for Contempt and Orders Post Judgment dated October 28, 2002 are denied. They seek child support for a child of the parties after his 18th birthday. The plaintiff was obligated to pay child support until age 18 but not beyond.
5. #221 Defendant's Motion for Contempt and Orders Post-Judgment dated CT Page 1846 October 17, 2002 is denied. This issue regarding plaintiff's obligation for allegedly unpaid medical insurance was previously heard and decided on November 9, 1998 (Frazzini, J.). Furthermore, expenses claimed by the defendant were not proven by a fair preponderance of the evidence.
6. #223 Defendant's Motion for Order Post-Judgment dated October 15, 2002 is denied. The defendant again seeks to recover child support for an adult child of the parties after his 18th birthday. The plaintiff's obligation to pay child support ended at age 18.
7. #229 Defendant's Motion for Pro Se Fees dated October 28, 2002 and #230 Defendant's Post-Judgment Motion for Sanctions dated October 28, 2002 are denied. The defendant seeks fees and sanctions for allegedly frivolous motions filed by the plaintiff. As discussed below, it is the defendant's motions which are frivolous; the plaintiff's motion for fees and sanctions are not frivolous.
8. #232 Defendant's Motion for Contempt Post-Judgment dated October 28, 2002 is denied. Evidence produced at the hearing proved that the plaintiff was in compliance with his obligation to carry life insurance of $200,000 listing his three sons as beneficiaries. On August 22, 2002 the court (Agati, J.) declined to hold the plaintiff in contempt on the same issue.
9. #233 Defendant's Motion for Order dated October 28, 2002 is denied. The motion seeks relief for an alleged fraud perpetrated upon an adult child of the parties. The defendant has no standing to raise this claim. Any claim of this alleged fraud belongs to the adult child, not the defendant.
10. #234 Defendant's Motion for Contempt and Order Post-Judgment dated October 28, 2002 is denied. The defendant did not prove, by a fair preponderance of the evidence, the payment of the emergency room bill which she seeks. The balance of the motion amounts to a motion to open the judgment and recalculate child support based upon alleged fraud in the plaintiff's financial affidavit at the time of the judgment in 1992. The defendant admitted that she was aware of the alleged fraud at the time. However, she did not raise the issue and allowed the court to enter judgment in accordance with the agreement of the parties. Now, over ten years later, with all of the children being adults and all of the child support having been paid, the defendant will not be permitted to attempt to open the judgment. One of the elements of fraud is that other party must rely upon the misrepresentation. Mattson v. Mattson,74 Conn. App. 242, 245 (2002). This element can not be present here because the defendant admits that she was aware of the CT Page 1847 misrepresentation. Furthermore, after ten years the defendant would be guilty of laches for waiting so long to raise this claim. Id.
11. #236 Defendant's Motion to Reopen Judgment dated October 28, 2002 is denied. In this motion the defendant seeks the opening of the 1992 judgment on the grounds of "bad faith." This is not a sufficient ground to open a judgment.
12. #237 Defendant's Motion for Child Support Post-Judgment dated October 28, 2002 is denied. It is yet another attempt to recover child support for a child who has attained the age of 18.
13. #238 Defendant's Motion for Order Post-Judgment dated October 28, 2002 is denied. This is an attempt to recover for the time the defendant has spent in pursuing her motions. There is no provision for such recovery.
14. #239 Defendant's Motion for Order Post-Judgment dated October 28, 2002 is denied. This is an attempt to pursue a tort action against the plaintiff on behalf of adult children. The defendant has no standing to pursue such an action.
15. #240 Defendant's Motion for Order Post-Judgment dated October 28, 2002 is denied. It is an attempt to recover for income allegedly lost during the marriage which ended in 1992. There is no provision for such a recovery.
16. #241 Defendant's Motion for Order Post-Judgment dated November 4, 2002 is denied. This is an attempt to recover for a tort which allegedly occurred in 1998, six years after the judgment of dissolution. Such a claim must be the subject of a separate action.
17. #242 Defendant's Motion for Order Post-Judgment dated November 4, 2002 is denied. This motion is incomprehensible.
18. #220 Plaintiff's Motion for Attorney Fees dated October 16, 2002 is denied. Although all of the defendant's motions are frivolous, attorney fees are not to be awarded as punishment. The defendant lives on Social Security Disability and has no funds from which to pay fees.
19. #225 Plaintiff's Motion for Sanctions dated October 22, 2002 is granted. The defendant should not be permitted to waste the court's time with the continual filing of frivolous motions which raise the same issues over and over. The defendant is prohibited from filing any more motions in this case absent the express permission of the presiding CT Page 1848 judge.
John W. Pickard
Judge of the Superior Court CT Page 1849