DARLENE D. NOLAN *v.* MICHAEL J. NOLAN
(AC 23277)

Foti, Flynn and Dupont, Js.

Argued March 20—officially released May 6, 2003

---

[14] See footnote 7.

584

*Darlene D. Nolan*, pro se, the appellant (plaintiff).

*Patricia A. Carpenter*, for the appellee (defendant).

*Opinion*

PER CURIAM. By motion dated April 12, 2002, the plaintiff, Darlene D. Nolan, sought to open the judgment of dissolution of her marriage, dated November 22, 1995, on the ground of fraud.[1] The plaintiff, the ex-wife, claimed that the written agreement signed by the parties and incorporated into the judgment, was procured by "the gross fraud and deception practiced by the defendant," Michael J. Nolan, her ex-husband. The motion was denied, and the plaintiff now appeals from that judgment. We conclude that the trial court was correct and affirm the judgment.

The plaintiff claims that she proved that the defendant had materially and fraudulently misrepresented his financial condition at the time of the dissolution of marriage, that the plaintiff's counsel "at the time of negotiations of the separation agreement and at the hearing for the dissolution of marriage had a conflict of interest" and that the judge "was clearly partial to the defendant."[2] After a careful reading of the transcripts of the dissolution of marriage hearing, the preliminary hearing on the plaintiff's motion, the evidentiary hearing on the motion, during which both parties testified, the agreement that was incorporated into the dissolution

---

[1] On the date of the dissolution, the parties had been married about five years, and there were no children of the marriage.

[2] There is absolutely no evidence to substantiate the plaintiff's claim that the judge showed any partiality toward the defendant.

judgment, the financial affidavits of the parties submitted at the time of the dissolution, and the exhibits of both the defendant and the plaintiff, we conclude that the plaintiff cannot prevail on any of her claims.

The court conducted a postjudgment probable cause hearing to determine whether any discovery, beyond the testimony of the parties, should be allowed in the future to substantiate the plaintiff's allegations of fraud. As a matter preliminary to such discovery, a plaintiff has the burden to substantiate allegations of fraud that are sufficient to open the judgment. *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 269, 540 A.2d 713 (1988). The conclusion of the court that there was "no evidence of any fraud or duress or anything that would allow" the opening of the judgment is documented by the entire record.

The separation agreement gave the plaintiff 15 percent of the *net* value of 72,000 vested stock options, as listed. The plaintiff, subsequent to the date of dissolution, received as her share, between $219,000 and $270,000, after the deduction of certain agreed to credits to the defendant. The plaintiff testified that she believed the defendant had realized $5 million or $6 million from the sale of stock options through 1997. The defendant testified, however, that he had sold approximately 72,000 shares in a company in which he was the chief financial officer, receiving $2.7 million to November, 1997, as a *gross* profit before taxes and brokerage commissions, and that the determination of when stock options may be sold is a decision of the compensation committee of the board of directors, of which he is not a member. According to the defendant, the exact value of the options was not known, and could not have been known, at the time he signed his financial affidavit.[3] The plaintiff produced no evidence to show otherwise.

---

[3] There were dollar amounts listed on the defendant's affidavit next to each block of the shares totaling 72,000 in number. If added, the amount exceeded $1 million.

The plaintiff did not prove that her attorney prior to or at the dissolution hearing, in reality, represented the defendant instead of the plaintiff. The plaintiff's attorney, under oath, testified that the plaintiff had hired her, that she had advised the plaintiff that she could not represent both the plaintiff and the defendant, that the plaintiff paid her a retainer, that she did not previously know the defendant, that she had met the defendant once before the dissolution hearing when the plaintiff and the defendant met with her, and that she did not represent the defendant at any time.

The review of the court's decision not to open the judgment is limited to whether the court exercised its discretion properly. *Pospisil* v. *Pospisil*, 59 Conn. App. 446, 449, 757 A.2d 655, cert. denied, 254 Conn. 940, 761 A.2d 762 (2000). We conclude that the court did not abuse its discretion in refusing to open the dissolution judgment on the ground of fraud. See *Mattson* v. *Mattson*, 74 Conn. App. 242, 247, 811 A.2d 256 (2002).

The judgment is affirmed.