******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ELIZABETH MECCA *v.* WILLIAM F. MECCA, JR.
(AC 43293)

Moll, Alexander and DiPentima, Js.

*Syllabus*

The defendant, whose marriage to the defendant had previously been dissolved, appealed from the decision of the trial court denying his motion to open the judgment of dissolution. Prior to the commencement of the dissolution action, the plaintiff forwarded to the defendant an e-mail, which he did not read, which contained information relating to certain pending litigation involving the estate of the plaintiff's uncle. The dissolution judgment incorporated the parties' separation agreement, in which the defendant expressly waived any right to proceeds to be received by the plaintiff in the future as a result of the estate litigation. More than four months later, the defendant filed a motion to open the judgment, claiming that the judgment was obtained as a result of fraudulent misrepresentations by the plaintiff and that the plaintiff failed to disclose her receipt of an inheritance related to a settlement of the estate litigation. The court denied the motion, finding that the defendant chose not to read the documents regarding the litigation, which were disclosed by the plaintiff, and that there was no fraud on the part of the plaintiff. On the defendant's appeal, *held*:

1. The defendant could not prevail on his claim that the trial court abused its discretion when it applied an incorrect legal standard in denying his motion to open: contrary to the defendant's claim, the court did not improperly assign him a duty of due diligence; the court simply acknowledged that a party to a dissolution action cannot ignore documents that were appropriately delivered to him, only to later claim that the disclosed potential asset was fraudulently withheld from him, which was particularly true in the present case, where the defendant had ample time and opportunity to review the disclosures, the plaintiff informed the defendant of the potential asset, the defendant signed a separation agreement wherein he waived any right to the potential asset, and the separation agreement was incorporated into the judgment of dissolution; moreover, the court correctly applied the elements of fraud in addressing the defendant's claim and found that there was no fraud on the part of the plaintiff because the plaintiff clearly disclosed her intangible, potential interest in the estate to the defendant with ample time for him to review the disclosure, and, by focusing on whether the plaintiff disclosed and characterized the asset in the documents provided to the defendant, it was clear that the court applied the appropriate legal standard.

2. The defendant's claim that the trial court abused its discretion by failing to consider a pattern of fraudulent conduct on the part of the plaintiff was without merit; the court found that the plaintiff made appropriate disclosures to the defendant, expressly stating that there was no fraud, and this court's review of the record supported that court's conclusion because the plaintiff's potential asset, which was known to the defendant, involved a contested estate in Canada, and the final settlement of the litigation related to the estate occurred almost one year after the judgment of dissolution was rendered.

Argued December 1, 2020—officially released March 30, 2021

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Fairfield and tried to the court, *Truglia, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Rodriguez, J.*, denied the defendant's motion to open the judgment, from which the defendant appealed to this court. *Affirmed*.

*Sheila S. Charmoy*, for the appellant (defendant).

*Jonathan E. Von Kohorn*, with whom, on the brief, was *Tara L. Von Kohorn*, for the appellee (plaintiff).

*Opinion*

ALEXANDER, J. The defendant, William F. Mecca, Jr., appeals from the decision of the trial court denying his motion to open the judgment of dissolution. On appeal, he argues that the court abused its discretion by (1) applying an incorrect legal standard with respect to his motion to open and (2) failing to consider a pattern of fraudulent conduct on the part of the plaintiff, Elizabeth Mecca. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The parties were married on June 18, 2000, in Portland. On June 4, 2015, the plaintiff's uncle, Bernard "Birdie" Marcus (Birdie Marcus), died. On December 21, 2015, the plaintiff forwarded an e-mail to the defendant, which he received but did not read. The e-mail contained details of a complaint filed in Canada by the plaintiff and other members of the Marcus family alleging that Birdie Marcus had been manipulated by his caretakers into executing a will that excluded his family members. This e-mail also contained a statement from the Canada Trust Company, dated November 5, 2015, that listed the gross value of the Estate of Birdie Marcus at C$5,809,294.15. Because the will of Birdie Marcus was contested and benefited a large number of third parties, the final settlement of the estate required extensive litigation that took place over a period of nearly four years.

In June, 2017, the plaintiff instituted the underlying dissolution action. On February 20, 2018, the marriage of the parties was dissolved by the court and the dissolution judgment incorporated the parties' separation agreement. Under the terms of the separation agreement, the defendant expressly "waive[d] any right, title or interest in and any proceeds to be received by the [plaintiff] in the future as a result of [the pending] litigation in [Canada] involving the . . . [Estate of] Birdie Marcus . . . ."[1]

On December 14, 2018, the defendant filed a motion to open the judgment of dissolution, alleging that the judgment was obtained as a result of fraudulent misrepresentations made by the plaintiff.[2] Specifically, the defendant asserted that the plaintiff "made material misrepresentations on her [f]inancial [a]ffidavit inasmuch as she failed to disclose her receipt of an inheritance, that had already happened or was imminent, because she had entered into a settlement agreement as the result of a will contest . . . [that] ha[d] been pending in the Superior Court of Quebec . . . [in] the Estate of Birdie Marcus . . . ." (Internal quotation marks omitted.) The defendant further argued that the plaintiff "failed to list her interest in [the Estate of Birdie Marcus and the related] action during the entire pendency of the dissolution action . . . [and] made

material misrepresentation[s] at her deposition on January 23, 2018 . . . .''

The court, *Rodriguez, J.*, held a hearing on the defendant's motion to open on June 4 and 14, 2019. In denying the motion, the court found the following: "[T]he plaintiff disclosed a possible interest . . . in [the Estate of Birdie Marcus] . . . . [T]he plaintiff did not conceal anything . . . [and] disclosed what she knew of the existence of the claims in Canada. . . . [The defendant] chose not to read the documents and to not make a claim, waiving it in the separation agreement. Therefore . . . there is no fraud in this case . . . .'' This appeal followed.[3]

I

The defendant first claims that the court abused its discretion by applying an incorrect legal standard in denying the motion to open. He argues that the court improperly (1) assigned to him a duty of due diligence and (2) failed to consider the proper elements of fraud in a marital dissolution action. We disagree.

A

The defendant first argues that the court improperly assigned to him a duty of diligence. Specifically, he claims that, with regard to the Estate of Birdie Marcus, "[the plaintiff] was required to make an investigation of her assets using any readily available information, and clearly disclose the results of that investigation on her affidavit.'' The defendant argues that the court "incorrectly placed a duty of diligence on the . . . [d]efendant'' and that his "waiver was not an intentional relinquishment of a known right.'' The plaintiff counters that "[t]he defendant's argument . . . ignores the fact that [the plaintiff's interest in the Estate of Birdie Marcus] was an intangible asset properly disclosed in advance of the judgment and separately negotiated as an express provision of the separation agreement.'' We agree with the plaintiff.

Our standard of review is well established: "In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did.'' (Internal quotation marks omitted.) *Reville* v. *Reville*, 312 Conn. 428, 440, 93 A.3d 1076 (2014).

The defendant claims that the court applied an incorrect legal standard by erroneously assigning him a duty of due diligence. In making this claim, however, the defendant mischaracterizes the applicable law, which requires "a continuing duty to disclose pertinent finan-

cial information until the judgment of dissolution is final." (Internal quotation marks omitted.) *Lederle* v. *Spivey*, 151 Conn. App. 813, 819, 96 A.3d 1259, cert. denied, 314 Conn. 932, 102 A.3d 84 (2014). In denying the plaintiff's motion, the court made the following finding: "[T]he plaintiff . . . disclosed what she knew of the existence of the claims in Canada . . . informing [the defendant] of the existence of the claims. With that knowledge, [the defendant] chose not to read the documents and to not make a claim, waiving it in the separation agreement." The court did not place a "duty of due diligence" on the defendant, as he attempts to characterize its determination. Rather, the court simply acknowledged that a party to a dissolution action cannot simply *ignore* documents that were appropriately delivered to him, only to later claim that the disclosed potential asset was fraudulently withheld from him. This is particularly true in the present case, where the defendant had ample time and opportunity to review the plaintiff's disclosures. The trial court heard testimony that the initial disclosure by the plaintiff of the Estate of Birdie Marcus occurred via e-mail on December 21, 2015, and that an additional, related disclosure was made on January 18, 2017. The court credited this evidence and found that the plaintiff had informed the defendant of the potential asset. On February 16, 2018, the defendant signed a separation agreement, wherein he waived any right to the potential asset from the estate. The parties agreed to incorporate the terms of their separation agreement, which included the defendant's waiver of any right to the potential asset from the estate, into the court's final judgment of dissolution rendered on February 20, 2018.

It is also notable that the potential asset at issue was subject to a degree of uncertainty, as to both its availability and value. The defendant claims that the plaintiff failed "to make an investigation of her assets using any readily available information, and [to] clearly disclose the results of that investigation," but in making this claim he fails to account for the circumstances surrounding the potential asset. The trial court clearly addressed the uncertainty of this asset: "The court is mindful . . . of the lengthy process involved when claims against estates are made. No one really knows what if any assets will result at the end of the litigation. Therefore, the court finds that the plaintiff did not have any knowledge of what her benefits would be nor if she would receive any from the [Estate of Birdie Marcus] at the time of her dissolution." The record clearly supports the court's finding because the potential asset was timely disclosed by the plaintiff and was appropriately classified as an intangible asset. The plaintiff met her "continuing duty to disclose pertinent financial information"; (internal quotation marks omitted) *Lederle* v. *Spivey*, supra, 151 Conn. App. 819; and the defendant's waiver in the separation agreement and in the final

judgment of dissolution was not the result of fraud. We conclude, therefore, that the court applied the proper legal standard and was within its discretion in denying the defendant's motion to open the judgment of dissolution.

B

The defendant next argues that the court abused its discretion by failing to consider the proper elements of fraud in a marital dissolution action. The defendant claims that the plaintiff made false factual representations at her deposition on January 23, 2018, and "committed fraud by failing to disclose the existence and value of the Birdie Marcus case on her financial affidavits . . . ." Additionally, the defendant argues that the plaintiff "deprived the . . . [c]ourt of being able to find that the separation agreement was fair and equitable," and that he relied on the plaintiff's false statement and failure to disclose to his detriment. The defendant further claims that "[t]here was no laches or unreasonable delay . . . after he discovered the fraud," and "[t]he evidence demonstrated that there [was] a substantial likelihood that the result of [a] new trial [would] be different." Finally, the defendant claims that the plaintiff's counsel made false representations of fact. In response, the plaintiff argues that the defendant failed to establish the elements of fraud necessary to support the opening of a final judgment. We agree with the plaintiff.

As stated previously, "our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Reville* v. *Reville*, supra, 312 Conn. 440. Accordingly, we will overturn the judgment of the trial court only if it could not reasonably have concluded as it did. Id.

"There are three limitations on a court's ability to grant relief from a dissolution judgment secured by fraud: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the fraud; and (3) there is a substantial likelihood that the result of the new trial will be different." (Internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 275 Conn. 671, 685, 882 A.2d 53 (2005); see also *Mattson* v. *Mattson*, 74 Conn. App. 242, 245–46, 811 A.2d 256 (2002). The elements of fraud have been defined by our Supreme Court: "(1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." *Billington* v. *Billington*, 220 Conn. 212, 217, 595 A.2d 1377 (1991).

In the present case, in denying the defendant's motion

to open, the court found the following: "[T]he plaintiff did not conceal anything, as she disclosed what she knew of the existence of the claims in Canada. [The defendant] knew about the estate; telling is [the] plaintiff's . . . e-mail . . . with [thirty-three] pages of documents informing [him] of the existence of the claims. With that knowledge, [the defendant] chose to not . . . read the documents and to not make a claim, waiving it in the separation agreement. Therefore, the court finds that there is no fraud in this case . . . ." On the basis of our review of the record, the court was well within its discretion in finding that there was no fraud on the part of the plaintiff. As the court detailed, the plaintiff clearly disclosed her intangible, potential interest to the defendant, with ample time for the defendant to review it. The defendant simply failed to review this disclosure. By focusing on whether the plaintiff disclosed and characterized the asset in the documents provided to the defendant, it is clear that the court applied the appropriate legal standard in addressing the defendant's claim of fraud. Accordingly, we conclude that the court correctly applied the elements of fraud in this case and correctly found that there was no fraud by the plaintiff. On the basis of our review of the record, the court did not abuse its discretion in denying the defendant's motion to open.

II

The defendant's final claim is that the court abused its discretion by failing to consider as relevant a pattern of fraudulent conduct on the part of the plaintiff. In response, the plaintiff argues that "[t]he defendant failed to establish any pattern of fraud, including during the pendente lite period." We agree with the plaintiff.

As stated previously, the applicable standard of review for this claim is abuse of discretion, meaning that we will not disturb the judgment of the trial court unless it could not reasonably have concluded as it did. *Reville* v. *Reville*, supra, 312 Conn. 440.

Given our discussion in part I B of this opinion regarding the defendant's allegations of fraud, it is clear that the defendant's claim is without merit. As we previously noted, the court found that the plaintiff made appropriate disclosures to the defendant, and expressly stated that "there is no fraud in this case . . . ." Our review of the record supports the court's conclusion that there was no fraud, based on either a single act or on a pattern of behavior. The plaintiff's potential asset, which was known to the defendant, involved a contested estate in Canada. The plaintiff signed an agreement to settle the Estate of Birdie Marcus litigation on December 28, 2018, and the final settlement of that litigation occurred on February 9, 2019, almost one year *after* the judgment of dissolution was rendered. Accordingly, the court was well within its discretion in denying the defendant's motion to open.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The ultimate resolution of the litigation involving the Estate of Birdie Marcus did not occur until February 9, 2019, when a settlement agreement was finalized by the court in Canada.

[2] Although a motion to open a judgment generally must be filed within four months of the date on which the judgment was rendered, "[General Statutes §] 52-212a does not abrogate the court's common-law authority to open a judgment beyond the four month limitation upon a showing that the judgment was obtained by fraud . . . ." *Bruno* v. *Bruno*, 146 Conn. App. 214, 230, 76 A.3d 725 (2013).

[3] We note that the defendant also raised an evidentiary claim in his reply brief that "[t]he trial court committed reversible error when it excluded excerpts of the transcript of the plaintiff's deposition." We decline to address this claim because it was not properly raised by the defendant. See, e.g., *Bovat* v. *Waterbury*, 258 Conn. 574, 585 n.11, 783 A.2d 1001 (2001). "Claims of error by an appellant must be raised in his original brief . . . so that the issue as framed by him can be fully responded to by the appellee in its brief, and so that [an appellate court] can have the full benefit of that written argument." (Internal quotation marks omitted.) *State* v. *Floyd*, 253 Conn. 700, 713 n.12, 756 A.2d 799 (2000).