******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KAREN ZILKHA *v.* DAVID ZILKHA
(AC 39832)

DiPentima, C. J., and Lavine and Elgo, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the judgment of the trial court denying his motion to return certain escrow funds that the trial court had ordered be dispersed to pay the fees of the guardian ad litem, the attorney for the parties' minor children and the custody evaluator. Following the dissolution of the parties' marriage, the plaintiff filed a motion to open the dissolution judgment, alleging that, during the pendency of the dissolution action, the defendant fraudulently had failed to disclose a claim that he had against his former employer. At the time the motion to open was filed, the defendant had received a certain amount of money pursuant to a settlement with his former employer regarding this claim, and the defendant was anticipating receipt of the final installment payment from that settlement. The trial court thereafter ordered the defendant to place a certain amount of the final installment payment in escrow pending the outcome of a hearing to determine whether the plaintiff could sustain her allegations of fraud by more than a mere suspicion. Following that hearing, the court concluded that there was more than a mere suspicion that the defendant had committed fraud. Thereafter, the attorney for the minor children filed a motion to compel the payment of present and future fees for himself, the guardian ad litem and the custody evaluator. The court granted that motion, approved certain fees and ordered the disbursement of funds from the escrow account to pay those fees. The defendant then appealed to this court, which reversed the judgment as to the order disbursing the escrow funds and vacated that portion of the order, concluding that the trial court lacked authority to order the disbursement of the funds without first opening the judgment. Thereafter, the defendant filed a motion to return the disbursed funds to the escrow account. The trial court denied the motion, concluding that it could not afford the defendant any practical relief because equity did not permit the return of the court-approved fees. On appeal, the defendant claimed that, in denying his motion, the trial court disregarded an order of this court by failing to effectuate the return of the funds to the escrow account. *Held* that the trial court properly denied the defendant's motion to return the escrow funds: contrary to the defendant's claim, the trial court did not ignore an order of this court that provided for the recoupment of the subject funds, as this court in the prior appeal did not remand the case with direction that the funds be returned to the escrow account, the rescript having stated only that the trial court's order to disburse the funds from the escrow account be vacated; moreover, the defendant's assertion that the trial court erred by not using its equitable powers to effectuate the return of the funds disbursed from the escrow account was unavailing, as the court properly concluded that it could not afford the defendant any practical relief because there was no way to recoup funds that properly were awarded and paid for services rendered by the guardian ad litem, the children's attorney and the custody evaluator, and the defendant failed to cite any equitable or legal basis requiring the return of the funds.

Argued April 12—officially released June 5, 2018

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *Abery-Wetstone, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties separation agreement and stipulation; there-

after, the plaintiff filed a motion to open the judgment; subsequently, the court, *Shay, J.*, issued an order directing the defendant to place certain settlement proceeds in escrow; thereafter, the court, *Shay, J.*, granted the motion filed by the attorney for the minor children for fees and retainers for the guardian ad litem et al. and ordered, inter alia, the disbursement of certain escrow funds, from which the defendant appealed to this court; subsequently, the matter was transferred to the judicial district of Waterbury; thereafter, this court reversed the judgment in part and vacated the judgment in part; subsequently, the court, *Hon. Lloyd Cutsumpas*, judge trial referee, denied the defendant's motion to return the dispersed escrow funds, and the defendant appealed to this court. *Affirmed*.

*Edward N. Lerner*, with whom, on the brief, was *George Kent Guarino*, for the appellant (defendant).

*Opinion*

LAVINE, J. The defendant, David Zilkha, has brought multiple postjudgment appeals in this exceedingly bitter and protracted dissolution litigation. His present appeal arises out of this court's judgment, holding that the trial court was without authority to disburse funds owned by the defendant that were being held in a court-ordered escrow account. See *Zilkha* v. *Zilkha*, 159 Conn. App. 167, 175, 123 A.3d 439 (2015).[1] On appeal, the defendant claims that by denying his "motion to turn over—postjudgment," the trial court disregarded an order of this court by failing to effectuate the return of his funds to the escrow account. We affirm the judgment of the trial court.[2]

The following facts, as set forth in *Zilkha*, are relevant to our resolution of the present appeal. The marriage of the defendant and the plaintiff, Karen Zilkha, was dissolved by the court, *Abery-Wetstone, J.*, on May 31, 2005. *Zilkha* v. *Zilkha*, supra, 159 Conn. App. 169. On November 14, 2008, the plaintiff filed a motion to open and set aside the dissolution judgment in which she alleged that during the dissolution litigation, the defendant fraudulently failed to disclose a claim that he had against his former employer. Id. At the time the plaintiff's motion to open was filed, the defendant had received $1,400,000 as part of the settlement he had obtained from his former employer. Id. The former employer was to make a final payment of $700,000 to the defendant in April, 2009. Id. On April 9, 2009, the plaintiff amended her motion to open the judgment, requesting that the court order the defendant to place the $700,000 settlement proceeds in escrow. Id., 169–70. Following an April 30, 2009 hearing, the court, *Shay, J.*, ordered the defendant to place $250,000 of the settlement proceeds in an escrow account pending the outcome of an *Oneglia* hearing.[3] Id., 170. Judge Shay held an *Oneglia* hearing in February, 2010, and thereafter concluded that there was more than a mere suspicion that the defendant had committed fraud.[4] Id., 170–71. See footnote 3 of this opinion.

On September 10, 2012, the attorney for the minor children filed a "postjudgment motion for fees and replenishment retainers" to compel the parties to pay him, the guardian ad litem, and the custody evaluator (experts) for the services they had rendered and retainers for costs to be incurred by the ongoing litigation.[5] Following a hearing, and in accordance with the criteria set forth in General Statutes §§ 46b-62 and 46b-82, Judge Shay ordered the plaintiff and the defendant each to pay $500 to the attorney for the minor children, $1500 to the guardian ad litem, and $500 to the custody evaluator. Id., 172. The court also ordered the following payments to be made from the defendant's funds in the escrow account: $40,000 to the attorney for the minor children, $62,577.95 to the guardian ad litem, $9000 to

the custody evaluator, and an additional $15,000 each to the attorney for the minor children and to the guardian ad litem as retainers for future services related to the litigation.[6] Id.

The defendant appealed from the court-ordered disbursement of funds from the escrow account, claiming that the court "lacked authority to distribute the escrow funds because the judgment of dissolution had not been opened."[7] Id. He argued that the court's ruling at the end of the *Oneglia* hearing only permitted the plaintiff to conduct limited discovery after which the court was required to consider the plaintiff's motion to open. Id., 173. This court agreed with the defendant that the trial court lacked authority to order the distribution of the defendant's funds in the escrow account to pay the experts. Id., 174.

In reaching our conclusion, this court stated: "General Statutes § 46b-81 (a) provides in relevant part: At the time of entering a decree . . . dissolving a marriage . . . the Superior Court may assign to either spouse all or any part of the estate of the other spouse. The court can redistribute assets pursuant to a motion to open. . . . Nevertheless, [u]ntil a motion to open has been granted, the earlier judgment is unaffected . . . . In this case, although the court was free to order that the defendant pay some or all of the fees to the [experts], it lacked the authority to direct that these payments be made from the escrowed funds." (Citations omitted; internal quotation marks omitted.) Id., 174–75. A court is not authorized to decide which of a party's assets must be used to pay a party's share of fees. Id., 175. "[T]he court could not make orders for funds to be disbursed from the escrow account because those funds belonged solely to the defendant, until and unless, the court opened the judgment and distributed the escrowed funds, if at all." Id. This court reversed the judgment as to the order to disburse escrow funds to the experts and vacated that portion of the order. Id. This court made no further orders with respect to the escrow funds that had been disbursed.[8]

On October 20, 2015, the defendant filed his motion to turn over the funds and an application for order to show cause why the plaintiff and the experts should not be ordered to appear and show cause why the defendant's motion to turn over should not be granted. The court, *Nastri, J.*, granted the order to show cause and ordered the plaintiff and the experts to appear.

The hearing was held before the court, *Hon. Lloyd Cutsumpas*, judge trial referee, on November 3, 2016. During the hearing, counsel for the defendant represented that after all the payments ordered by Judge Shay had been made, the parties stipulated that the funds remaining in the escrow account should be disbursed to the plaintiff and the defendant.[9] The defendant did not dispute that the funds that were in the

escrow account were disbursed according to Judge Shay's orders and the accounting with respect to the disbursements was proper. Counsel for the defendant acknowledged that the fees were proper but argued that Judge Shay would not conduct a visitation hearing until the fees that were owed were paid. The court summarized the issue as the defendant wanting the court to "clawback" fees Judge Shay had approved and ordered paid to the experts.

On November 10, 2016, the court issued an order denying the defendant's motion to turn over, stating in part that the holding in *Zilkha* "clearly stated that the [trial] court was without authority to disburse funds from the named escrow account to the three court-appointed experts. That portion of the order was simply vacated by the Appellate Court. There was no remand or further direction on what this court was to do. . . . [E]quity does not permit the relief requested in the [defendant's] motion, i.e., the return of court-approved fees paid to court-appointed experts. There is no practical relief which can be afforded to the defendant." The defendant thereafter appealed to this court.

On appeal, the defendant argues that the trial court erred by not using its equitable powers to effectuate the return of the funds disbursed from the escrow account to pay the experts. The defendant contends that the court ignored an order of this court in *Zilka* providing for recoupment of his funds. The flaw in the defendant's argument is that this court did not order the trial court to recoup or effectuate the return of his funds in the escrow account that were used to pay the three experts who had rendered services to the parties' children and the trial court. The rescript merely stated that the order to pay was to be vacated, nothing more. See *Zilkha* v. *Zilkha*, supra, 159 Conn. App. 180.

"Well established principles govern further proceedings after a remand by this court. In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . [T]his is the guiding principle that the trial court must observe. . . . The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein. . . . These principles apply to criminal as well as to civil proceedings. . . . The trial court cannot adjudicate rights and duties not within the scope of the remand. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered . . . ." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Brundage*, 320 Conn. 740, 747–48, 135 A.3d 697 (2016). Significantly, in *Zilkha*, this court ordered only that the trial court's order to disburse

funds from the escrow account be vacated. This court did not order a remand for any purpose. We, therefore, disagree with the defendant's claim that the trial judge ignored the precedent of an appellate court when he denied the motion to turn over.

The defendant also argues that the court should have used its equitable powers to order the experts to return the funds from the escrow account that were used to compensate them for services that they had rendered. Despite his argument, the defendant has not cited any legal or equitable authority supporting it, and we know of none. Notably, the defendant does not contend that the experts were not entitled to be paid for their services, nor does he argue that the court-ordered fees were improper in amount. In *Zilkha*, this court determined that Judge Shay improperly ordered the disbursement of the escrow funds without first opening the judgment of dissolution in violation of § 46b-81 (a), but this court did not conclude that Judge Shay improperly ordered the experts to be paid. See *Zilkha* v. *Zilkha*, supra, 159 Conn. App. 175.

Although the defendant asked the trial court to use its equitable powers to effectuate the return of the funds that had been in the escrow account, on appeal, he has failed to cite any equitable basis requiring the experts to return the funds that Judge Shay found they were owed. The record discloses that after the *Oneglia* hearing, Judge Shay determined that there was more than a mere suspicion that the defendant had committed fraud. Thereafter, the attorney for the minor children filed a motion "for fees and retainers in order *to compel* the payment of present and future fees for himself, as well as for the guardian ad litem and the custody evaluator." (Emphasis added.) Id., 171. We are reminded of the premise of equity. "One who seeks equity must also do equity and expect that equity will be done for all." *LaCroix* v. *LaCroix*, 189 Conn. 685, 689, 457 A.2d 1076 (1983). Judge Shay ordered the defendant to pay the debt he owed the experts, which he was unwilling do by himself. For the sake of argument, even if the court had granted the defendant's motion to turn over, the defendant still would be obligated pursuant to court order to pay the fees he owed the experts.

We do not minimize the error Judge Shay made in ordering the experts to be paid with the defendant's funds in the escrow account prior to opening the judgment of dissolution. As the court, however, stated in its order denying the defendant's motion to turn over, the defendant's success in his appeal in *Zilkha* "clarified somewhat the law regarding court established escrow accounts," but equity does not permit the return of the court-approved fees.

For the foregoing reasons, we agree with the court that that it could not afford the defendant any relief–

there is no way to recoup funds that properly were awarded and paid for services rendered by the experts. More importantly, in *Zilkha*, this court did not remand the case with direction that the funds be returned to the escrow account. The court, therefore, properly denied the defendant's motion to turn over.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In *Zilkha*, the defendant appealed, in part, from the judgment of the trial court, *Shay*, *J.*, claiming that the court improperly dispersed "escrow money held from settlement funds received [by the defendant] from his former employer to pay postjudgment fees to the guardian ad litem, the attorney for the minor children, and a custody evaluator." *Zilkha* v. *Zilkha*, supra, 159 Conn. App. 168–69.

[2] The plaintiff, Karen Zilkha, failed to file an appellee's brief as ordered by this court. This court, therefore, ordered the appeal to be considered on the basis of the defendant's brief and the record as defined by Practice Book § 60-4.

[3] "Under *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 269, 540 A.2d 713 (1988), a party seeking to open a judgment of dissolution on the basis of allegations of fraud does not have a right to conduct discovery based only on its filing of a motion to open. Instead, a hearing is held to determine if the party can substantiate the allegations of fraud beyond a mere suspicion. . . . If so, the court opens the judgment for the limited purpose of discovery, and later issues an ultimate decision on the postjudgment motion to open after discovery is completed and another hearing is held." (Citation omitted.) *Zilkha* v. *Zilkha*, supra, 159 Conn. App. 170 n.4.

[4] The record reflects that the plaintiff withdrew her motion to open the judgment subsequent to *Zilkha*.

[5] The ongoing dispute between the parties concerns custody and visitation.

[6] At the present time, there are more than 850 entries on the trial court docket sheet for this matter.

[7] The defendant did not challenge the court's order that he pay the experts or the amount of the fees that the court ordered him to pay.

[8] The rescript stated: "The judgment is reversed only as to the disbursement of funds from the escrow account and that portion of the order is vacated. The judgment is affirmed in all other respects." *Zilkha* v. *Zilkha*, supra, 159 Conn. App. 180.

[9] The court summarized the stipulation as follows: "The parties stipulate that $44,566 shall be paid to the plaintiff and the balance of $42,657 shall be paid to [counsel for the defendant trustee]." The disbursement to the plaintiff was for a child support arrearage.