******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KAREN ZILKHA *v.* DAVID ZILKHA
(AC 40019)

DiPentima, C. J., and Lavine and Elgo, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the postjudgment order of the trial court increasing the fees payable, pursuant to statute (§ 46b-62), to S, the guardian ad litem appointed for the parties' minor children. When S was appointed, the court temporarily set her fees at the rate of $75 per hour, without prejudice. Subsequently, S filed a motion requesting an upward adjustment to her fees, retroactive to the date of her appointment, which the court granted. Thereafter, the court granted the defendant's motion to reargue and held a hearing on the matter of S's fees, at which both parties and S testified. Thereafter, the court issued an order setting S's hourly rate at $225, retroactive to the date of her appointment, and the defendant appealed to this court. *Held*:

1. The trial court did not abuse its discretion by precluding the defendant from presenting evidence of S's background as an alleged abuse victim, her purported dislike of British individuals and her failure to disclose those alleged facts, as such evidence was irrelevant to determining the amount and apportionment of fees under § 46b-62.

2. The defendant could not prevail on his claim that the trial court erred in modifying S's hourly rate; that court did not abuse its discretion in increasing S's fees and properly exercised its discretion by implementing the sliding scale model developed by the Judicial Branch pursuant to § 46b-62 and adjusting its award upward on the basis of the delineated factors, at the court determined that the present case was very complex, the parties had conducted continuing expensive litigation for years using resources beyond any employment or other regular income that they reported on their respective financial affidavits, and it would have been inequitable and unreasonable for S to be compensated at the same rate that would be payable under the sliding scale by parents in a far less complex case who had none of the other resources that were available to these parties.

Argued April 12—officially released July 17, 2018

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *Abery-Wetstone*, *J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement and stipulation; thereafter, the matter was transferred to the judicial district of Waterbury; subsequently, the court, *Maureen Murphy*, *J.*, appointed a guardian ad litem for the parties' minor children; thereafter, following a hearing, the court, *Albis*, *J.*, set a new hourly rate for the fees charged by the guardian ad litem retroactive to the date of her appointment, and the defendant appealed to this court. *Affirmed*.

*Edward N. Lerner*, for the appellant (defendant).

*Opinion*

DiPENTIMA, C. J. In this protracted and bitterly contested dissolution action,[1] the defendant, David Zilkha, appeals from the postjudgment order of the trial court increasing the fees payable to the guardian ad litem. On appeal, the defendant claims that the court erred by (1) refusing to permit evidence of misrepresentations by the guardian ad litem and (2) modifying the hourly rate of the guardian ad litem. We affirm the judgment of the trial court.[2]

The defendant and the plaintiff, Karen Zilkha, were married in 1998; on May 31, 2005, that marriage was dissolved by the court, *Abery-Wetstone, J. Zilkha* v. *Zilkha*, 159 Conn. App. 167, 169, 123 A.3d 439 (2015). The parties had twin children in February, 2001. *Zilkha* v. *Zilkha*, 180 Conn. App. 143, 146,     A.3d    , cert. denied, 328 Conn. 937,     A.3d     (2018).

The procedural events pertinent to this appeal[3] began in late March, 2015. On March 27, 2015, the court, *Maureen Murphy, J.*, appointed Attorney D. Susanne Snearly as guardian ad litem (guardian) for the minor children and temporarily set her fees at the rate of $75 per hour,[4] without prejudice.[5] On February 17, 2016, the guardian filed a motion requesting an upward adjustment to her fees, retroactive to the date of her appointment. The court, *Hon. Barbara M. Quinn*, judge trial referee, granted the request and raised the guardian's hourly rate to $300. Thereafter, the defendant filed a motion to reargue, which was granted; the court, *Albis, J.*, held a hearing on the matter on November 2, 2016. At the hearing, the guardian and both parties testified. On December 27, 2016, the court issued its ruling setting the guardian's hourly rate at $225 retroactive to the date of her appointment.[6] This appeal followed.

I

The defendant first claims that the court should have allowed him to introduce evidence of misrepresentations by the guardian. The defendant acknowledges that the standard of review for this evidentiary claim is abuse of discretion. See *Jewett* v. *Jewett*, 265 Conn. 669, 679, 830 A.2d 193 (2003) ("It is well settled that the trial court's evidentiary rulings are entitled to great deference. . . . The trial court is given broad latitude in ruling on the admissibility of evidence, and we will not disturb such a ruling unless it is shown that the ruling amounted to an abuse of discretion." [Internal quotation marks omitted.]). In support of his claim, the defendant refers to language in General Statutes § 46b-62[7] allowing the court to order the payment of "reasonable fees" for an appointed guardian. With an extremely sparse analysis bordering on the inadequate, the defendant appears to argue that the preclusion of certain evidence, namely, of the guardian's background as an alleged abuse victim, her purported dislike of British individu-

als and her failure to disclose those alleged facts, was an abuse of discretion because a correct determination of the "reasonable fees" required a consideration of this precluded evidence.[8] We are not persuaded.

In denying the defendant's request to question the guardian on these topics, the court stated: "This is not a hearing on guardian ad litem alleged misconduct. This is a hearing on an appropriate hourly rate. The case is over and decided. You, yourself, have indicated that she's been paid the fees she put in for at the previously ordered rate." The court nevertheless allowed the defendant to make an offer of proof, which included a recitation of instances of alleged physical abuse in the guardian's childhood and early adulthood as well as documents purporting to prove that the guardian had a particular dislike of British men.[9]

The court has the discretion to preclude irrelevant evidence in determining the amount and apportionment of fees pursuant to § 46b-62. See, e.g., *Jewett* v. *Jewett*, supra, 265 Conn. 679 ("[r]elevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue" [internal quotation marks omitted]); *Rubenstein* v. *Rubenstein*, 107 Conn. App. 488, 506, 945 A.2d 1043 (no abuse of discretion in precluding evidence of fault for dissolution where only issue at hearing was apportionment of guardian ad litem fees on basis of parties' incomes), cert. denied, 289 Conn. 948, 960 A.2d 1037 (2008). In this case, we find no abuse of discretion in the court's decision to preclude the line of questioning at issue.

II

The defendant also claims that the court erred in modifying the hourly rate of the guardian. In this claim, he cites subsections (c) and (d) of § 46b-62. See footnote 7 of this opinion. Under the sliding scale methodology developed by the Judicial Branch, "the sliding fee scale is based upon the combined gross income of the parents and assumes one child. The scale is only applicable to cases where the combined gross income of the parents is $100,000 or less."[10] See Press Release, Connecticut Judicial Branch, Guardian Ad Litem/Attorney for Minor Child (GAL/AMC) Sliding Fee Scale, effective October 1, 2014 (September 11, 2014), available at https:// www.jud.ct.gov/external/news/press387.pdf (last visited July 12, 2018) (sliding scale announcement); Press Release, Connecticut Judicial Branch, Update on the Judicial Branch Family Court Initiatives (November 23, 2015), available at https://www.jud.ct.gov/family/fam ily_court_initiatives15.pdf (last visited July 12, 2018) (2015 Family Court Initiatives).

The defendant takes issue with the court's application of three of the six factors listed in the Judicial Branch's sliding scale methodology.[11] The three factors the court found pertinent were the hourly rate charged by the

parties' own attorneys, the complexity of the issues before the court and the sources of additional household income.[12] The court summarized its consideration of these factors in making its determination. "The inclusion of additional factors beyond the parties' income in the sliding scale allows the court to adjust, or even ignore, the prescribed hourly rates in cases where the parties' incomes alone do not provide a complete and fair picture of what the [guardian] should be paid. That is most certainly the case here, for reasons that relate directly to several of the listed factors. The case is very complex. Despite what their financial affidavits show, the parties have conducted continuing expensive litigation for years using resources beyond any employment or other regular income they report. The plaintiff is the joint owner of a home of substantial value yet pays no living expenses, and she has provided no specific accounting for the combined one million dollar bounty that she and her current husband received. The defendant claims to have no source for payment of more [guardian] fees, yet he continues to be represented by counsel in his trial court motions and his appeals who is somehow compensated at the rate of $450 per hour.

"In light of all these factors, it would be inequitable and unreasonable for the [guardian] to be compensated at $75 per hour—the same rate that would be payable under the sliding scale by parents in a far less complex case who had none of the other resources made available to these parties during the course of their litigation." It further concluded that "while their incomes qualify the parties to have [guardian] fees set within the range of the sliding scale, they should pay fees at the highest end of the range ($225 per hour), not the lowest."

The defendant posits that the decision to increase the guardian fees is "clearly erroneous." Citing no case law, he argues that the evidence before the court does not support its determination. We disagree.

"[A]n appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . The court may order either party to pay the fees for [a] guardian ad litem pursuant to General Statutes § 46b-62, and how such expenses will be paid is within the court's discretion. . . . [W]e may not alter an award of [guardian ad litem] fees unless the trial court has clearly abused its discretion, for the trial court is in the best position to evaluate the circumstances of each case. . . . Because the trial court is in the best position to evaluate the circumstances of each case, we will not substitute our opinion concerning counsel fees or alter an award of [guardian ad litem] fees unless the trial court has clearly abused its discretion. . . . An abuse of discretion in granting [guardian ad litem]

fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Rubenstein* v. *Rubenstein*, supra, 107 Conn. App. 499–500; see also *Kavanah* v. *Kavanah*, 142 Conn. App. 775, 783–84, 66 A.3d 922 (2013) (court abused its discretion where it ordered, sua sponte, parties to pay $5000 in fees to guardian ad litem where fees were not in dispute and court had no evidence by which to calculate amount).

Applying the appropriate standard of review to this claim, we conclude that the court did not abuse its discretion in increasing the guardian's fees. Rather, it properly and correctly *exercised* its discretion by implementing the Judicial Branch's sliding scale model pursuant to § 46b-62 (c) and (d) and then adjusting its award upward based on the delineated factors.[13]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Since the judgment of dissolution was rendered in May, 2005, there have been approximately 600 filings in this case. See also *Zilkha* v. *Zilkha*, 182 Conn. App. 459,     A.3d     (2018), petition for cert. filed (Conn. June 25, 2018) (No. 170555); *Zilkha* v. *Zilkha*, 180 Conn. App. 143,     A.3d   , cert. denied, 328 Conn. 937,     A.3d     (2018); *Zilkha* v. *Zilkha*, 167 Conn. App. 480, 144 A.3d 447 (2016); *Zilkha* v. *Zilkha*, 159 Conn. App. 167, 123 A.3d 439 (2015); *Zilkha* v. *Zilkha*, Appellate Court, Docket No. 35781 (October 16, 2013), cert. denied, 310 Conn. 965, 83 A.3d 545 (2013).

[2] The plaintiff, Karen Zilkha, failed to file an appellee's brief as ordered by this court. This court, therefore, ordered the appeal to be considered on the basis of the defendant's brief, oral argument and the record as defined by Practice Book § 60-4.

[3] See footnote 1 of this opinion.

[4] The court apportioned 40 percent of the cost of the fees to the plaintiff and 60 percent to the defendant.

[5] Specifically, the court stated: "Temporarily, the guardian ad litem is to be paid at the lowest level of the sliding fee scale based upon the available income the parties have. The amount of the retainer is to be determined. These orders are entered without prejudice."

[6] The court noted: "Faced with a pressing need to appoint the [guardian] as quickly as possible, the court had only the parties' financial affidavits and their limited testimony as the basis for setting the rate of compensation on March 27, 2015. The court noted the complexity of the parties' financial situations and their apparent access to funds from sources beyond the scope of their financial affidavits. It explained that it was entering the order at the lowest rate on the sliding scale temporarily in order to allow the guardian to start working on the case, rather than delay her work while the court and parties devoted more time to a dispute about the fees."

[7] General Statutes § 46b-62 provides in relevant part: "(a) . . . If . . . the court appoints counsel or a guardian ad litem for a minor child, the court may order the father, mother or an intervening party, individually or in any combination, to pay the reasonable fees of such . . . guardian ad litem . . . .

"(c) In any proceeding . . . in which the court appoints . . . a guardian ad litem for a minor child, the court may order that the fees to be paid to such . . . guardian ad litem be calculated on a sliding-scale basis after giving due consideration to the income and assets of the parties to the proceeding.

"(d) The Judicial Branch shall develop and implement a methodology for calculating, on a sliding-scale basis, the fees owing to . . . a guardian ad litem for a minor child . . . ."

[8] The defendant's examination of the guardian included the following:

"[The Defendant's Counsel]: Let's get to a couple of other things. One of the issues in this case was assault; is that correct? [The defendant] assaulted [the plaintiff]. That was one of the issues in the case?

"[Guardian]: It was one of many. Yes.

"[The Defendant's Counsel]: Yeah. And isn't it a fact that you never revealed to [the defendant] that you had been physically abused as a child?

"[Guardian]: I am not going to answer that question."

[9] The defendant holds both Swiss and French citizenship.

[10] The lowest hourly rate on the sliding scale is $75; the highest is $225. The sliding scale does not apply to those parents whose combined annual income is greater than $100,000.

[11] "In addition to considering the parents' gross income, the court may also consider other factors to determine whether application of the scale is appropriate and at what level, including, but not limited to:

"1. All other information set forth on the parents' financial affidavits;

"2. Total number of dependent children;

"3. The hourly rate charged by the parties' own lawyers;

"4. The complexity of the issues before the court;

"5. The gross income and other information on the financial affidavit of an intervening party or third party applicant;

"6. Source(s) of additional household income, including funding source for current litigation." Sliding scale announcement, supra; see also 2015 Family Court Initiatives, supra, p. 2.

[12] We note that, as with statutory criteria, the trial court need not make express findings on each sliding scale criterion. See, e.g., *Rubenstein* v. *Rubenstein*, supra, 107 Conn. App. 495 ("The court must consider all of these criteria. . . . It need not however, make explicit reference to the statutory criteria that it considered in making its decision or make express finding[s] as to each statutory factor. . . . Nor need it give each factor equal weight." [Internal quotation marks omitted.]).

[13] We note that the court's award still falls within the overall range prescribed by the sliding scale. This fact counsels in favor of its propriety.

---